07-CV-05402-CMP

FILED _____ LODGED
_____ RECEIVED

AUG 0 6 2007

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARAH GRINENKO,

                          Plaintiff,

vs.

OLYMPIC PANEL PRODUCTS, LLC, a
Washington State Limited Liability Company,

                          Defendant.

NO. C07 5402 RLS

NOTICE OF REMOVAL OF CIVIL
ACTION

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
      THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

      Defendant and petitioner Olympic Panel Products, LLC ("defendant") by its

undersigned attorneys, hereby gives notice of removal of the above captioned matter from the

Superior Court of the State of Washington for Pierce County to the United States District

Court of Washington at Tacoma. The Notice of Removal is based on 28 U.S.C. §§ 1331 and

1441 and the grounds set forth below. The grounds for removal of the action are as follows:

      1.    On July 9, 2007, a summons was filed in the above-entitled action in the

Superior Court in the State of Washington for Pierce County. On July 9, 2007, a complaint

NOTICE OF REMOVAL OF CIVIL ACTION - 1 of 3

[1387692 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 • FACSIMILE (253) 620-6565

was filed in Pierce County Superior court. Said matter is now pending in Pierce County Superior Court, Cause No. 07-2-00567-0.

2. On or about July 9, 2007, defendant was first served with the summons and the complaint in the above-entitled action.

3. On or about July 19, 2007, defendant entered a Notice of Appearance in Pierce County Superior Court. No further proceedings in this matter have been had in the Superior Court of the State of Washington for Pierce County.

4. On June 13, 2007, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

5. The above-entitled action is a civil action alleging claims for violation of provisions of the Federal Civil Rights Act, Title VII of the Civil Rights Act as amended. The Plaintiff requests punitive damages available under federal law.

6. The above-entitled action is one in which the United States District Court is given original jurisdiction by reason of Federal question. (28 U.S.C. § 1331).

7. This Court is the District Court of the United States for the district and division embracing the place where the state court action is currently pending, and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

8. Copies of all state court pleadings served on defendants in the above-entitled action are filed herewith.

9. This petition is filed with the court within 30 days after service on the defendants of the summons and complaint in the above-entitled action.

NOTICE OF REMOVAL OF CIVIL ACTION - 2 of 3

[1387692 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

1

Dated this 6th day of August, 2007.

2

3                                     GORDON, THOMAS, HONEYWELL, MALANCA,
                                      PETERSON & DAHEIM LLP
4

5                           By _____
                                      Lewis L. Ellsworth, WSBA No. 11360
6                                     lellsworth@gth-law.com
                                      Attorneys for Defendant
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL OF CIVIL ACTION - 3 of 3

[1387692 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

RECEIVED & FILED IN
CO. CLERK'S OFFICE

2007 JUL -9  A 8: 49

MASON CO. WA.
PAT SWARTOS, CO. CLERK

BY _        __DEPUTY

IN AND FOR THE STATE OF WASHINGTON

MASON COUNTY SUPERIOR COURT

SARAH GRINENKO

        Plaintiff,

    vs.

OLYMPIC PANEL PRODUCTS, LLC A Washington
State Limited Liability Company

       Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:
SUMMONS  **07  2  00567  0**

TO THE DEFENDANTS:

    A lawsuit has been started against you in the above entitled court by Sarah Grinenko,

plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you

with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your

defense in writing and by serving a copy upon the person signing the summons within 20 days

after the service of this summons, excluding day of service, or a default judgment may be entered

against you without notice. A default judgment is one where plaintiff is entitled to what he asks

for because you have not responded. If you serve a notice of appearance on the undersigned

SUMMONS - 1

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474



person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file the lawsuit with the court or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

Signed this 6 TH Day of JULY, 2007

John R. Bonin, Attorney at Law WSBA 25760

Attorney for Plaintiff

SUMMONS - 2

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474



RECEIVED & FILED IN
CO. CLERK'S OFFICE

2007 JUL -9  A 8: 49

MASON CO. WA.
. ... ... DS. CO. CLERK

... ... .... DEPUTY

IN AND FOR THE STATE OF WASHINGTON

MASON COUNTY SUPERIOR COURT

|  | |
|---|---|
| SARAH GRINENKO | ) Case No.: **07** 2 00567 0 <br> ) COMPLAINT |
| Plaintiff, | ) |
| vs. | ) |
| OLYMPIC PANEL PRODUCTS, LLC A Washington <br> State Limited Liability Company | ) |
| Defendants | ) |

Comes Now the Plaintiff, SARAH GRINENKO, by and through counsel, John R. Bonin,

Attorney at Law and Bonin & Cook, P.S., and alleges and states as follows:

**I.   Parties/Jurisdiction/Venue**

    1.1  Plaintiff was at all times material hereto a single woman residing in Mason

        County, Washington.

    1.2  Defendant Olympic Panel is a Limited Liability Company doing business in

        Mason County, Washington.

COMPLAINT - 1                                        **BONIN & COOK, P.S.**
**P.O. Box 783 Shelton, WA 98584**
**(360)427-7474**



1

2 1.3 The subject matter of this Complaint concerns events having transpired

3   within Mason County, Washington.

4 1.4 Jurisdiction and Venue are proper herein

5 **II.** **Facts:**

6 2.1 Plaintiff was employed by Defendant from October of 2006 until she was

7   forced to leave her post on May 18,2007.

8

9 2.2 Plaintiff had two immediate supervisors in Larry Brown and Mel Matson.

10

11 2.3 In or around March of 2007 the Plaintiff was the victim of a sexual assault

12   causing her to suffer serious injury and trauma.

13

14 2.4 As a result of being the victim of this assault the Plaintiff had to

15   request time off of work from her employers.

16

17 2.5 Plaintiff requested time off of work from her supervisor Mel Matson.

18

19 2.6 Mr. Matson instructed the Plaintiff to meet with himself and HR Director

20   Dwight Midles about the request.

21

22 2.7 Mr. Matson and Mr. Midles insisted to the Plaintiff that she provide the

23   employer with a copy of the Police Report of her sexual assault if she was

24   to request time off of work.

25 COMPLAINT - 2        **BONIN & COOK, P.S.**
               **P.O. Box 783 Shelton, WA 98584**
                **(360)427-7474**



2.8  Plaintiff subsequently provided Mr. Midles and Mr. Matson with the police report and was informed by them that this document was placed in her employee file.

2.9  When providing Mr. Midles and Mr. Matson with the document Plaintiff was questioned at length and in detail about the personal and specific subject matter contained within the police report and was made wholly uncomfortable by the demands for information and details of the rape.

2.10 As a result of Mr. Midles and Mr. Matson's questioning of Plaintiff as to the specifics of the sexual assault she suffered they determined and advised her that her request for some additional leave time to recover was granted.

2.11 Upon return to work after a leave of absence, Mr. Matson met with Plaintiff and informed the Plaintiff that he had already informed someone at Olympic Panel whom he trusted about the issue of Plaintiff's sexual assault and told her that she would be a "good person to talk to" about it in her efforts at recovery.

2.12 Plaintiff had not authorized her employers to disclose this highly confidential and personal information to anyone.  Plaintiff was distressed by the employer deciding for itself that it would tell anyone about the events without her permission.

COMPLAINT - 3

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474



2.13  Plaintiff confided in no one else at work about the incident of sexual
      assault.

2.14 Almost immediately after her return from leave the Plaintiff was subjected
     to a previously non-existent interest in her by male coworkers.

2.15 In March an employee named Shane Scupine asks Plaintiff to "hang out" with
     him.  Not knowing that Shane Scupine might have had knowledge of the rape
     Ms. Grinenko develops a friendship with Shane Scupine.  Simultaneously,
     Ray, a dayshift employee and a group of other employees at the Mill started
     making comment to Ms. Grinenko that she had a "hot body" and that she was
     nice to look at.  In addition, coworkers start coming up to Ms. Grinenko
     and start touching her around the waist while she was working.  Ray then
     makes a comment to Ms. Grinenko about how her 21st birthday coming up and
     exclaimed that he wondered if she was going to "get drunk and 1#@$" and
     asked for permission "to come."

2.16 On the same day Ray makes these offensive comments, he also mentions how he
     loves to come by where Ms. Grinenko is working and look at her.  On this
     date Ray coins the nickname for Ms. Grinenko of "sweetie babe" and
     announces his determined nickname loudly while exclaiming: "look at the
     help we have these days" to co-workers.

COMPLAINT - 4

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474



2.17 On this date Ms. Grinenko let Ray know that his comments were not welcomed and asks him to stop. Ray, who operates a motorized cart, responds by driving by with his hand extended out toward Ms. Grinenko. Ms. Grinenko moved out of the way and Ray stated loudly that he was sorry she moved because he would have grabbed her buttocks. Ms. Grinenko again tells Ray to leave her alone.

2.18 Later Ray invites Ms. Grinenko out with the work crew on his boat to go fishing with them - but smiles and states loudly that she would only be invited to come if she agreed to wear a bikini so the rest of them could look at her while fishing. Ms. Grinenko again tells Ray to cease his conduct as offensive to her.

2.19 In April of 2007, an employee named Randy Ward came to Ms. Grinenko and stated that he would like to get to know her better. Ms. Grinenko and Mr. Ward strike up what Ms. Grinenko believed was a friendship and Mr. Ward invites her to attend social events with him.

COMPLAINT - 5

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474



2.20 At work Randy Ward later tells Ms. Grinenko that he loved "looking at" her "tits" and starts repeatedly asking her to take her top and bra off so he could see them.  Ms. Grinenko tells him no - tells him that his advancements at work were inappropriate and to stop - but Randy Ward continues.  As time goes on Randy Ward starts making "flashing" gestures to Ms. Grinenko in an effort to get her to expose her breasts to him at work. Mr. Ward is told in no uncertain terms that Ms. Grinenko considers him only a friend and that he must stop this behavior.

2.21 Mr. Ward subsequently takes a wood strip and places it under his work clothes to feign an erection and starts parading around her.  Ms. Grinenko is disgusted and asks Mr. Ward to "knock it off and leave her alone." Later Mr. Ward appears at work with a photo of male genetalia.  He asks Ms. Grinenko if she knew why everyone at work was calling him "Big Wally."  Ms. Grinenko informs him that she does not know and Mr. Ward shows her the picture of a male penis and identifies it as his own.

2.22    Ms. Grinenko is at this point scared of both "Ray" and Mr. Ward.  Mr. Ward starts to become even more aggressive and starts to try and control who Ms. Grinenko talks to at work.  He begins calling her frequently at home and on her cellular telephone checking up on her to make certain she is not in the company of other males at work besides himself.  Mr. Ward also tells Ms. Grinenko that she needs "to start doing him favors" and begins to call Ms. Grinenko to him at work by "snapping" his fingers.

COMPLAINT - 6

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474



1    Mr. Ward asked Ms. Grinenko to kiss him on multiple occasions and Ms.

2    Grinenko consistently refused telling him his advances were not welcome.

3

4  2.23  During the same time and into the next month, Bob Pearson, a worker on

5    the "24 press" started a seemingly friendly relationship with Ms. Grinenko.

6    Mr. Pearson began to follow Ms. Grinenko around the mill and give Ms.

7    Grinenko sexual advice and make sexual jokes.  Ms. Grinenko asked Mr.

8    Pearson to cease this behavior and to leave her in peace but Mr. Pearson

9    continues to follow her around the plant performing the same behaviors.

10

11  2.24 At this point Ms. Grinenko is entirely unable to cope with the treatment

12    she is receiving from her co-workers.  She therefore followed chain of

13    command and spoke to Larry Brown.  Mr. Brown then spoke to Mel Matson.

14

15  2.25 Mel Mattson talked to Ms. Grinenko and Ms. Grinenko told Mr. Matson all of

16    the things that had been happening.  Mr. Matson promises to "look into" the

17    matters but reminds Ms. Grinenko that she must tell these co-workers that

18    their advances are not welcome.  Ms. Grinenko advised Mr. Matson that she

19    had already done this several times and that it was not working.

20

21

22

23

24

25 COMPLAINT - 7

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474



1   2.26    Shortly thereafter Ms. Grinenko is treated with overwhelming hostility at

2           work.  Males come to her and demand to know "what the f$#$@ your (her)

3           problem is"  because of her complaint about the treatment she is receiving.

4           Ms. Grinenko is terrified by the hostile backlash to her candid complaint

5           to Mr. Brown and Mr. Matson.

6

7   2.27 Also in May of 2007, Ms. Grinenko confronts Shane Scupine about rumors she

8           had heard about him spreading about her.  Ms. Grinenko informs Mr. Scupine

9           that she was not interested in him and to stop approaching her

10          romantically.

11

12  2.28 Ms. Grinenko tells Mr. Scupine that she was not only not interested in him,

13          but that she had been asked out by his brother and was considering going

14          out with his brother on a date.  Ms. Grinenko's thought process was that

15          Mr. Scupine might stop his harassment if he learned that he might get in an

16          altercation over a female with his very own brother (who was also hitting

17          on her on a constant basis).

18

19  2.29  Mr. Scupine responded by blowing up with anger.  Mr. Scupine informs Ms.

20          Grinenko that she is a "piece of sh#$" and tells her that he and his

21          brother had been engaged in a contest at work to see who would go to bed

22          with her first.  In his ravings Mr. Scupine explains to Ms. Grinenko that

23          her notification to him of interest in his brother was not important to him

24          as he and his brother often shared girls.

25  COMPLAINT - 8

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474



2.30  Mr. Ward the antagonist mentioned earlier saw some of this exchange with
      Mr. Scupine. After Mr. Scupine left the area Mr. Ward proceeded to verbally
      assault Ms. Grinenko because he had seen her talking to Mr. Scupine.  Mr.
      Ward made it clear that he was jealous of Ms. Grinenko having conversations
      with Mr. Scupine.

2.31  Also in May of 2007 Ms. Grinenko goes to the home of co-worker Brandon
      "Bling" to watch a boxing match with other workers.  Shawn Scupine had
      spread rumors at work that he was dating Ms. Grinenko and that she was
      "easy."  He had told several people on swing and day shift that he had sex
      with Ms. Grinenko.  Mr. Grinenko also learned that Mr. Scupine had told co-
      workers that he had "passed" Ms. Grinenko around between himself and his
      brother.  All statements and rumors getting back to Ms. Grinenko about her
      and her "sexual escapades" were untrue and severely emotionally damaging to
      Ms. Grinenko.

2.32  On or about May 14, 2007 Ms. Grinenko confronted Mel Matson again about
      the sexual pervasive and hostile working environment.  She reminds Mr.
      Matson of earlier issues and complaints and expresses her desire that
      something be done to stop what was happening to her at work.

COMPLAINT - 9

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474



2.33 Mr. Matson advises that Ms. Grinenko needed to "toughen up" and that she should not care what others said about her. Mr. Matson states that he had previously advised Ms. Grinenko that she needed to lie to the males at Olympic Panel and tell them she had a boyfriend if she wanted to avoid such unpleasantness. Ms. Grinenko disputes ever having been told such a thing or being willing to agree to it if told. Ms. Grinenko states that if that is the intent of Olympic Panel and working conditions then she must tender her resignation. Ms. Grinenko then tenders her oral resignation to be effective on June 1, 2007 and reports back to her station.

2.34 On May 18, 2007, Brandon "Bling" sees Ms. Grinenko again by the "30 Press" machine and he picks her up off her feet and starts swinging her around saying loudly how he wants to "sweep his little sweetie babe" off her feet.

2.35 Ms. Grinenko tells him to stop and Brandon replies by talking about her body. Ms. Grinenko then exclaimed "stop touching me and stop talking about me."

2.36 Ms. Grinenko looks for Mr. Matson but cannot find him and resumes work.

2.37 While working Brandon Bling is overheard by Ms. Grinenko to exclaim loudly how he just can't wait until his next date with Ms. Grinenko and that "you wouldn't believe what that b$#% does on liquor."

COMPLAINT - 10

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474

1    2.38 Based on this conduct Ms. Grinenko finds that she has no choice.  She

2        notifies the acting manager that she must leave and tells him why.  The

3        acting manager promises to tell Mr. Matson.

4

5    2.39  That night, Randy Ward calls Grinenko at home and tells her that Matson

6        had told him that he was happy Grinenko was gone.  Ward conveyed that

7        Matson had claimed to have had reported the matter of Ms. Grinenko "walking

8        off the job" to Dwight Midles and advised that Midles had reportedly

9        expressed pleasure that Grinenko was gone.

10

11   2.40 Matson reported to Ward that Midles had claimed never to have believed the

12       "story" that Grinenko had given about the rape and thought it had been an

13       excuse to get time off of work.  Grinenko had never told Ward about "the

14       rape" but Ward discussed it in a way indicating he knew all about it.

15

16                              CAUSES OF ACTION

17   **INVASION OF PRIVACY**

18   3.1  Plaintiff restates and realleges all prior paragraphs as if fully set forth

19       herein.

20

21   3.2  Plaintiff was the victim of a crime and suffered injury to her person as a

22       result of that crime.

23

24

25   COMPLAINT - 11                          BONIN & COOK, P.S.
                                             P.O. Box 783 Shelton, WA 98584
                                             (360)427-7474



3.3  As a result of her victimization in that crime the Plaintiff requested additional time off work in order to recover.

3.4  Defendants demanded specific, private and personal information from the Plaintiff as to the details of this private information and subsequently disclosed that personal and private information to others without Plaintiffs permission or consent.

3.5  As a direct and proximate result of the Defendants unauthorized disclosure of this personal and private information to others the Plaintiff has been injured in an amount to be proven at time of trial or hearing.

**SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT/RETALIATION/DISCRIMINATION/TERMINATION IN VIOLATION OF PUBLIC POLICY**

3.1  Plaintiff restates and realleges all prior paragraphs as if fully set forth herein.

3.2  Plaintiff was a female employee in a predominantly male environment exposed to a sexually pervasive and hostile work environment.

3.3  Plaintiff notified her fellow employees that their conduct was offensive and requested that they cease.

COMPLAINT - 12

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474



3.4   *Plaintiffs co-workers did not cease their activities and Plaintiff*
      *thereafter contacted her supervisors and complained.*

3.5   After complaining to her supervisors the Plaintiff was made subject to
      retaliatory behavior by her co-workers for having made the complaint.

3.6   After complaining to her supervisors the sexually pervasive and hostile
      *work environment was not remedied by her employers.*

3.7   Plaintiff complained again to her supervisor Mel Mattson again and asked
      for remedial action to be taken.  Mattson failed and refused to take
      remedial action asserting instead that he had "told" Plaintiff to pretend
      she had a boyfriend to avoid sexual interest at work.

3.8   Having received no promise of remedial action the Plaintiff tendered
      resignation effective on a date certain of June 1, 2007.

3.9   Before the end of that month the Plaintiff was physically harassed and
      sexually harassed by the same employee that she had complained about before
      tendering her resignation and as a result of that continuing harassment at
      a level of escalation that scared her significantly.  She saw no choice but
      to leave the sexually pervasive and hostile work environment immediately
      and was informed second hand later that her act of leaving was determined
      to be a "quit."

COMPLAINT - 13
                                    **BONIN & COOK, P.S.**
                                    **P.O. Box 783 Shelton, WA 98584**
                                    **(360)427-7474**



1     3.10 Plaintiff is a member of a protected class under Title VII of the Civil

2          Rights Act as amended.

3

4     3.11 Plaintiff is a member of a protected class under the Washington Law Against

5          Discrimination

6

7     3.12 Plaintiff was exposed to a sexually pervasive and hostile working

8          environment.

9

10    3.13 Plaintiff was forced to resign by notice of intent to resign employment

11         because of the management failure and refusal to correct this sexually

12         pervasive and hostile work environment.

13

14    3.14 Even after this act of constructive discharge took place, the Plaintiff was

15         subsequently forced to immediately remove herself from the work environment

16         after giving notice to a date certain because the Defendants allowed acts

17         of sexual harassment to continue with the express knowledge as to why the

18         Plaintiff had tendered resignation.

19

20    3.15 There are clear mandates of public policy in Washington preventing

21         termination against persons who are engaging in protected activities.

22

23    3.16 The Plaintiff in this case was engaging in activities that are protected

24         by clear mandates of public policy.

25  COMPLAINT - 14

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474



1    3.17 The Plaintiff was harassed, intimidated, forced to resign and then

2         terminated before her anticipated resignation date for having engaged in

3         those activities.

4

5    3.18 Plaintiff would have continued employment with the Defendants but for the

6         Defendants actions of disclosing her confidential information and the

7         subsequent treatment and sexually pervasive environment she suffered.

8

9    3.19 As a direct and proximate cause of the Defendants actions of terminating

10        the Plaintiff for having engaged in protected activities the Plaintiff has

11        been injured in an amount to be proven at time of trial or hearing.

12

13   3.20 As a direct and proximate result of the actions and omissions of this

14        Defendant the Plaintiff has been injured in an amount to be proven at time

15        of trial or hearing, including, without limitation, all damages as are

16        available under the Federal Civil Rights Act as well as all available state

17        law remedies under the Washington Law Against Discrimination and all common

18        law remedies available.

19

20        **INFLICTION OF EMOTIONAL DISTRESS**

21   3.21 Plaintiffs restate and reallege all prior paragraphs as if fully set forth

22        herein.

23

24

25   COMPLAINT - 15

                                              **BONIN & COOK, P.S.**
                                     **P.O. Box 783 Shelton, WA 98584**
                                              **(360)427-7474**



1    3.22 Defendants took action either intended to cause the Plaintiff to suffer

2         emotional distress or of such a caliber that they knew or should have known

3         that Plaintiff would be caused to suffer emotional distress.

4

5    3.23 The actions, as complained of herein, did cause the Plaintiff to suffer

6         emotional distress.

7

8    3.24 As a direct and proximate result of the actions and omissions of the

9         Defendants, the Plaintiff has been injured in an amount to be proven at

10        time of trial or hearing.

11

12   **OUTRAGE**

13   3.25 Plaintiffs restate and reallege all prior paragraphs.

14

15   3.26 Defendants took actions and performed omissions that were either

16        intentional or reckless.

17

18   3.27 The actions and omissions of defendants were extreme or outrageous.

19

20   3.28 The actions and omissions caused emotional distress to the Plaintiff.

21

22   3.29 As a direct result of the extreme and outrageous conduct of the Defendants

23        the Plaintiff has suffered severe emotional distress in an amount to be

24        proven at time of trial or hearing.

25   COMPLAINT - 16

BONIN & COOK, P.S.
P.O. Box 783 Shelton, WA 98584
(360)427-7474

1

2

3   **REQUEST FOR RELIEF**

4      Wherefore, Plaintiff having stated claims as against Defendants request

5      the following relief:

6   A.  Findings of fact in favor of and in support of the Plaintiff.

7   B.  An award of damages as against the Defendants, including, without

8       limitation, lost wages, loss of future wages, loss of earning

9       capacity, loss of benefits, pain and suffering, treatment for

10      psychological care as well as punitive damages under federal law as

11      established and attorney fees and costs of suit as allowable under

12      federal and state claims.

13  C.  An order directing the Defendant to engage in remedial training of

14      its staff and supervisors to prevent further and future acts of

15      invasion of privacy without consent, disclosure of private facts

16      without consent, discrimination based upon gender, creation and

17      fostering of a sexually pervasive and hostile working environment and

18      retaliation against persons having lodged complaints about the same.

19  D.  For such other and further relief as the Court deems just and

20      appropriate.

21      Respectfully Submitted this 6th day of July, 2007

22      Bonin & Cook, P.S.

23

24      John R. Bonin, WSBA 25760

25  COMPLAINT - 17

**BONIN & COOK, P.S.**
**P.O. Box 783 Shelton, WA 98584**
**(360)427-7474**



1    CLIENT VERIFICATION

2    THE UNDERSIGNED, PURSUANT TO RCW 9A.72.085 STATES AND DECLARES:

3    I am the Plaintiff herein.  I have fully reviewed the Complaint

4    referenced above and agree that the factual statements contained therein

5    are truthful and accurate representations of the facts.

6    Signed this 6th day of July, 2007 in Mason County, Washington.

7

8    Sarah Grinenko

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   COMPLAINT - 18

COPY

RECEIVED & FILED IN
CO. CLERK'S OFFICE

2007 JUL -9  A 8: 49

MASON CO. WA.
PAT SWARTOS, CO. CLERK

BY_____DEPUTY

IN AND FOR THE STATE OF WASHINGTON

MASON COUNTY SUPERIOR COURT

SARAH GRINENKO

          Plaintiff,

     vs.

OLYMPIC PANEL PRODUCTS, LLC A Washington
State Limited Liability Company

        Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 07 2 00567 0
JURY DEMAND

Comes Now the Plaintiff, SARAH GRINENKO, by and through counsel, John R. Bonin,

Attorney at Law and Bonin & Cook, P.S., and hereby demands trial before a jury in the

above referenced matter before twelve jurors.  Plaintiff simultaneously tenders the

required sum for this service.

Respectfully Submitted this 8th day of July, 2007

Bonin & Cook, P.S.

John R. Bonin, WSBA 25760
Attorney for Plaintiff

DEMAND FOR JURY - 1

                              BONIN & COOK, P.S.
                        P.O. Box 783 Shelton, WA 98584
                            (360)427-7474

COPY

RECEIVED & FILED IN
CO. CLERK'S OFFICE

2007 JUL 24 P 1: 17

MASON CO. WA.
PAT SWARTOS, CO. CLERK

BY_____DEPUTY

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR MASON COUNTY

SARAH GRINENKO,

                    Plaintiff,

vs.

OLYMPIC PANEL PRODUCTS, LLC, a
Washington State Limited Liability Company,

                    Defendant.

NO. 07-2-00567-0

NOTICE OF APPEARANCE

TO:        Clerk of the Court
AND TO:   John R. Bonin, Attorney for Plaintiff

    YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that the undersigned

herewith appears as the attorneys for defendant, OLYMPIC PANEL PRODUCTS, LLC, and

requests that any and all further pleadings or notices of any nature whatsoever, except original

process, be served upon the undersigned at the address below stated.

    Dated this _19th_ day of July, 2007.

                    GORDON, THOMAS, HONEYWELL, MALANCA,
                    PETERSON & DAHEIM LLP

                    By _____
                    Lewis L. Ellsworth, WSBA No. 11360
                    lellsworth@gth-law.com
                    Attorneys for Defendant

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 · FACSIMILE (253) 620-6565

RECEIVED & FILED IN
CO. CLERK'S OFFICE

2007 JUL 24  P 1: 17

MASON CO. WA.
PAT SWARTOS, CO. CLERK

BY_____ _____DEPUTY

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR MASON COUNTY

SARAH GRINENKO,

                                    Plaintiff,

vs.

OLYMPIC PANEL PRODUCTS, LLC, a
Washington State Limited Liability Company,

                                    Defendant.

NO.  07-2-00567-0

DECLARATION OF DELIVERY

The undersigned declares:

I am employed by the law firm of Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, 1201 Pacific Avenue, Suite 2100, Tacoma, Washington 98402, counsel for defendant.

On the date below, I caused to be served the within, NOTICE OF APPEARANCE and DECLARATION OF DELIVERY on all parties as shown below.

I declare under penalty of perjury and under the laws of the State of Washington (RCW 9A.72.085) that the foregoing is true and correct.

DECLARATION OF DELIVERY - 1 of 2
(07-2-00567-0)
[1387349 v1.doc]



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Executed at Tacoma, Washington on this _____ day of July, 2007.

Jennifer Milsten-Holder

ATTORNEY FOR PLAINTIFFS

John R. Bonin
Bonin & Cook, P.S.
P.O. Box 783
Shelton, WA  98584

☐ Hand Delivered
☐ Facsimile
X U.S. Mail
☐ Fedex
☐ E-mail

DECLARATION OF DELIVERY - 2 of 2
(07-2-00567-0)
[1387349 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565