THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARAH GRINENKO,

                Plaintiff,

vs.

OLYMPIC PANEL PRODUCTS, LLC, et al.,

                Defendants.

NO. C07-5402 BHS

JOINT STATUS REPORT AND
DISCOVERY PLAN

Pursuant to the Court's Minute Order Regarding Initial Disclosures and Joint Status Report, the parties submit this Joint Status Report.

**1.**       **What is the statutory jurisdictional basis?**

      A.     <u>Plaintiff's Position</u>:  Plaintiff served Defendant Olympic Panel with litigation, discovery requests and jury demand in Mason County Superior Court on July 9, 2007. Plaintiff provided courtesy copy of an Amended Complaint to Defendant OPP counsel via fax and subsequently served the same on August 8, 2007 to Defendant OPP at 12:55 pm.  Defendant OPP answered the original Complaint on August 8, 2007 and filed an Amended Answer on August 24, 2007.   Defendant Union Association joined in removal for the same grounds given by Defendant Olympic Panel on August 20, 2008 as well as under claim of the Labor Management Relations Act and asserted that the Court also had supplemental jurisdiction as to the other bases (sic) for relief in section 2, paragraph d.

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

1    Non-management defendants not represented by counsel for Olympic Panel or Union

2    Association filed Answers on our about October 29, 2007 and November 6, 2007.

3    The matter is properly removed as Plaintiff is seeking Title VII damages and the case

4    does allege some issues pertaining to the duty of fair representation by this Union.  The

5    Defendant individuals did not, following service and appearance move to remand the

6    matter in whole or in part back to State Court.  Jurisdiction and Venue are asserted as

7    proper against all Defendants herein. Plaintiff respectfully points out that this case, while

8    having some Federal claims, is not exclusively based on Federal claims.

9    B.    Defendants' Position:  This case was originally filed in State Court and was

10   removed to the U.S. District Court by defendant Olympic Panel Products ("OPP") on

11   August 6, 2007.  The facts supporting removal are set forth in OPP's Notice of Removal.

12   The Notice of Removal is based on 28 USC § 1331 and § 1441.  In her complaint, the

13   plaintiff alleges claims for violation of Federal Civil Rights Act, Title VII of the Civil

14   Rights Act as Amended.

15   On August 21, 2007, defendant Woodworker's Lodge Local W-38 of the International

16   Association of Machinists  filed a separate Petition for Removal.  The factual basis for

17   this Removal Petition is found in its Notice of Joinder in Removal of Civil Action.  These

18   defendants – Local Lodge 38, its president Eric Dobson and his wife Debbie Dobson are

19   hereinafter called "Local Lodge".  The jurisdictional basis asserted by Local Lodge is the

20   Labor Management Relations Act, 29 USC § 1481, *et. seq*.  The Court has supplemental

21   jurisdiction over all plaintiff's claims against them and each of the individual named

22   defendants pursuant to 28 USC § 1367(a).  There is no juridictional basis for the

23   individual defendants,  Randy Ward, Sean Scupine, Shane Scupine, Ray Doyle, Robert

24   Pierson and Brandon Thompson.

25   C.    Olympic Panel Products is a Washington corporation with its principal place of business

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

1  in Shelton, Washington.

2  **2.      Is there any other jurisdiction where this cause of action might have been**

3  **brought?  If so, why is the Western District of Washington the preferred place of filing?**

4        A.    Plaintiff's Position:    This case could have been litigated in Mason County,

5  Washington in Mason County Superior Court and the Defendants and each of them have

6  selected the Federal Court, Western District of Washington for this litigation and this

7  Court has jurisdiction and venue for this action.

8        B.    Defendants' Position:  Plaintiff resides in Mason County, Washington.  Local

9  Lodge and OPP have their principal places of business in Shelton, Mason County,

10  Washington.  All of the individually named defendants reside or work in Mason County,

11  Washington.  The case having been properly removed, the proper forum is the U.S.

12  District Court for the Western District of Washington at Tacoma.

13  **3.    What is the nature and complexity of this case?**

14        A.    Plaintiff's Position:

15   Plaintiff is not anticipating that this fact intensive case will be complex in presentation.

16  Plaintiff does anticipate that the discovery process in this matter will be extremely

17  complex and that it will likely require Court attention.  Consideration is requested in the

18  timing and sequence of discovery and it is already established that Defendants, and each

19  of them, have been participating in their own telephone conferences to discuss this case.

20  The difficulties in this litigation and in discovery will be the number of attorneys

21  involved and the anticipated attempts to limit or prevent discovery by defense as well as

22  potential compounding of discovery.  Plaintiff requests that the Defendants set forth some

23  agreed upon time lines for issuance of and responses to discovery and for scheduling of

24  depositions in tandem to avoid unnecessary cost and expense.   It is anticipated that there

25  will be discovery argument in terms of document production and answers to questions.

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

1   What those arguments will be are yet to be determined.  Plaintiff further disputes

2   Defendant OPP rendition of facts in this case as referenced below.  Plaintiff refers the

3   Court to the Amended Complaint filed – which includes issues not addressed in

4   Defendants rendition of events. Plaintiff also disputes Defense self-imposed

5   characterization of itself as "Local Lodge."  Defendant Local Union Lodge legally

6   classifies itself as an "Association" and not as a "Local Lodge"  with the Department of

7   Revenue.

8

9   IV.       Defendants' Position:

10   (1)  OPP/Dwight Midles and Mel Matson:  As to OPP, plaintiff alleges that she was

11   exposed to a sexually pervasive and hostile working environment causing her to resign

12   her employment.  Plaintiff contends her resignation was a constructive discharge.

13   Plaintiff contends that she notified her supervisors of the pervasive and hostile work

14   environment but her complaints were not remedied.  OPP and defendants Midles and

15   Matson dispute plaintiff's contentions.  Plaintiff alleges the individual defendants,

16   including defendants Midles and Matson, intentionally inflicted emotional distress upon

17   her and also committed the tort of outrage.  Defendants Midles and Matson dispute

18   plaintiff's contentions.  The discovery relating to plaintiff's allegations against OPP and

19   defendants Midles and Matson should not be particularly complex.  Depending on the

20   information supplied by plaintiff in her initial disclosures, which are due on February 2,

21   2008, these defendants do not believe that discovery will be particularly protracted or

22   complex.  Most, if not all, of her claims against these defendants will be the subject of

23   summary judgment motions.

24   (2)  Lodge W-38:       This is a simple case concerning Local Lodge and should be

25   quickly resolved in favor of Local Lodge by Summary Judgment since there is no breach

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

1    of the duty of fair representation based upon controlling decisions of the United States

2    Supreme Court.

3    (3) <u>Defendants Sean Scupine, Shane Scupine, Ray Doyle, Robert Pierson and Brandon</u>

4    <u>Thompson</u>: The allegations relating to these defendants are not complex.

5

6    (4)    <u>Defendant Randy Ward</u>: The allegations relating to the Defendant, Randy Ward

7    are simple and primarily factual.

8    **4.    What is the status of the case regarding hearings, motions and discovery?**

9    A.    <u>Plaintiff's Position</u>: There is no dispute that all Defendants have been properly

10    served in this litigation. Nor is there dispute that all Defendants have appeared and

11    identified themselves as to their proper name spellings. Plaintiff is drafting a Second

12    Amended Complaint to make corrections, make it conform to new removed jurisdictional

13    setting, and to make any additional modifications necessary after initial disclosures are

14    properly provided. Regardless of this, the litigation posture in this matter is especially

15    contentious. This litigation will likely be the subject of numerous written motions. The

16    issue of the validity and need to respond to Plaintiff's original discovery to Olympic

17    Panel has been in dispute.

18    B.    <u>Defendants' Position</u>: Plaintiff has submitted and received initial responses to

19    discovery requests from OPP. OPP has indicated it will supplement its responses no later

20    than January 21, 2008. No other discovery has been initiated by any other party.

21    **5.    Should this matter be referred to a Special Master in discovery?**

22    A.    <u>Plaintiff's Position</u>: It is possible that a special master may need to be sought in

23    this litigation. A protective order to address sequence and timing of discovery may need

24    to be issued.

25    B.    <u>Defendants' Position</u>: Defendants do not believe that any portion of this case

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

1 | should be referred to a Special Master pursuant to FRCP 53.

2 | **6.**     **Appropriateness of this matter for mediation?**

3 | A.     Plaintiff's Position:  This matter is appropriate to attempt to mediate.  Plaintiff

4 | objects to requests by Union Association to limit discovery as to itself and contends that

5 | such a position should not serve as a barrier to good faith mediation with a skilled

6 | mediator who will not let such a process develop into nothing more than a means for

7 | discovery.

8 |

9 | B.     Defendants' Position:  Defendants agree this case would be appropriate, if

10 | necessary, for mediation under Rule 39.1 after the completion of discovery, i.e., 60 to 90

11 | days before trial.  Local Lodge is opposed to any mediation involving Local Lodge until

12 | after the court rules on Local Lodge's Summary Judgment Motion.

13 | **7.**     **Referral of this matter to U.S. Magistrate.**

14 | A.     Plaintiff's Position:   Defendants position is an agreed upon position by Plaintiff

15 | at this time.

16 | B.     Defendants' Position:  Defendants do not consent to the referral of this matter to a

17 | U.S. Magistrate.

18 | **8.**     **On what day will the case be ready for trial considering Local Rule 16**

19 | **deadlines?**

20 | A.     Plaintiff's Position: Plaintiff has medical issues.  A review of asserted dates by

21 | Defendants herein establish that defendants essentially leave little other than December

22 | 2008 as a trial month for this litigation, but also indicate discovery cut off should be

23 | February of 2009.  Plaintiff anticipates being ready for trial any time after January 31,

24 | 2009.  The representation of "four month" unavailability is not a proper characterization.

25 | Counsel offered to engage in discovery in advance of this deadline for submission

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

1  because of a busy calender this year during the first four months of the year.  Defendants

2  would not engage in early conference or agree to begin discovery with full knowledge of

3  this issue.

4       B.    Defendants' Position:  Given plaintiff's counsel's four month period of

5  unavailability for discovery, defendants will be ready for trial anytime after June 1, 2009.

6       (1)  Defendant Sean Scupine, Shane Scupine, Ray Doyle and Robert Pierson:

7  Defendants, Sean Scupine, Shane Scupine, Ray Doyle, Robert Pierson and Brandon

8  Thompson will be available for trial after 1 January 2009.

9  **9.**    **Is the trial to be a jury or non-jury trial?**

10       A.    Plaintiff's Position:   This is a jury trial.

11  B.    Defendants' Position:  Defendants agree this is a jury trial.

12  **10.**    **Number of trial days required?**

13       A.    Plaintiff's Position:  Plaintiff asserts that this case will take between seven and

14  nine days to try unless plaintiff requests the Court consolidate this matter and the Court

15  grants such a request.

16  B.    Defendants' Position:  Defendants anticipate that if necessary, 15 trial days will be

17  required.

18  **11.**    **Trial Counsel:**

| Counsel for Plaintiff: | Counsel for Defendants Olympic Panel Products, Dwight Midles & Mel Matson: |
|---|---|
| John Bonin<br>Bonin & Cook, P.S.<br>P.O. Box 783<br>Shelton, WA  98584<br>(360) 427-7474<br>jbonin@hctc.com | Lewis L. Ellsworth<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim<br>P.O. Box 1157<br>Tacoma, WA  98401-1157<br>(253) 620-6505<br>lellsworth@gth-law.com |
| Counsel for Defendant International<br>Association of Machinists Woodworkers | Counsel for Defendants Sean Scupine, Shane<br>Scupine, Ray Doyle, and Robert Pierson |

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

| | |
|---|---|
| Local Lodge W-38:<br><br>Don S. Willner<br>630 Sunnyside Road<br>Trout Lake, WA  98650<br>(509) 395-2000<br>donswillner@aol.com | Michael Hanbey<br>Attorney at Law<br>P.O. Box 2575<br>Olympia, WA  98507<br>(360) 570-1636<br>hanbeyps@olywa.net |
| Counsel for Defendant Randy Ward:<br><br>Rick Cordes<br>Cordes Brandt, PLLC<br>2625 B Parkmont Lane SW<br>Olympia, WA  98502<br>(360) 357-7793<br>rick@cordesbrandt.com | Counsel for Brandon Thompson<br>Pro Se<br>849 Avalon Court<br>Lacey, WA 98513<br>Telephone number not disclosed by<br>withdrawing attorney<br>e-mail contact not disclosed by withdrawing<br>attorney |

12.     **Trial Date availability?**

A.     <u>Plaintiff's Position</u>:  Defendants appear to leave December of 2008 open in the year 2008.  Plaintiff would not be ready in December of 2008.  For this trial and the time involved to engage in discovery issues and to prepare for presentation, Plaintiff's counsel would agree that a trial setting on February 1, 2009 or thereafter would be most appropriate.   Plaintiff Grinenko however notifies the Court and counsel herein of her own current and personal dates of unavailability for anything connected with this case as follows:  February 14, March 29- April 6, June 6 – July 8, 2008.   Plaintiff counsel's schedule varies tremendously and counsel respectfully requests that Defendants make telephonic and written requests for dates of availability on discovery and motion related matters in a fair and reasonable fashion.  Plaintiff further requests that Defendants generate schedules in discovery that do not intentionally overlap and burden plaintiff – a person defendants have been advised is pregnant at time prior to submission of this material.

B.     <u>Defendants' Position</u>:

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

(1) OPP/Dwight Midles and Mel Matson:  Counsel for these defendants is unavailable in 2008 on the following dates:  June 14 through July 18; August 4 through August 8; October 20 through November 14 (trial in U.S. District Court/Judge Martinez, followed immediately by a trial in Kitsap County Superior Court).

(2) Local Lodge:    If Local Lodge is not dismissed from the case on Summary Judgment, the attorney for Local Lodge is unavailable July 15 – August 15, 2008.

(3) Defendants Sean Scupine, Shane Scupine, Ray Doyle, Robert Pierson and Brandon Thompson:  Counsel for these defendants has the following unavailable dates:  11-14 February (Jury Trial- Thurston County); 25 Feb – 6 March (Jury Trial – Thurston County); 10-13 March (Jury Trial- Mason County); 17-20 March 2008 (Jury Trial 24-26 (Trial- Pierce County); 14-23 April (Jury Trial- Thurston County); 5-13 May (Jury Trial – Thurston County);  12-22 May (Jury Trial- Thurston County); 2-10 June (Jury Trial- US District Court- Tacoma); 23-26 June (Jury Trial- US District Court – Seattle); 13-16 October (Jury Trial- Thurston County); 20-28 October (Jury Trial- Thurston County); 3-6 November (Jury Trial- Thurston County); 10-30 November (vacation); 26-29 January 2009 (Jury Trial- Thurston County).

(4)    Defendant Randy Ward:  Counsel for the Defendant Ward, for a trial of this length would not be available prior to October 2008.

**13.    Suggestions for shortening or simplifying trial?**

A.    Plaintiff's Position:  Plaintiff will request stipulations on admissibility, evidence foundation issues and on matters needing court attention before bringing matters of import to Plaintiff before the Court.

B.    Defendants' Position:  Defendants have no suggestions for shortening or simplifying the trial.  Defendants believe that many of the plaintiff's claims will be subject to summary judgment after appropriate discovery is conducted.

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

14.    **Will any aspect of this case required bifurcation?**

    A.    <u>Plaintiff's Position</u>:  Individual defendants joined in removal of this action and indicate no need to bi-furcate.  However, in this document they indicate a  potential desire for remand to state Court as to their issues.  Plaintiff's position on bi-furcation is that if individual defendants want bifurcation and/or take action (e.g. Bankruptcy) that bifurcation may be proper, but at present no need is observed to exist.

    B.    <u>Defendants' Position</u>:  Defendants do not believe this case should be bifurcated in any way.

15.    **Whether all parties have been served and whether additional parties may be named.**

    A.    <u>Plaintiff's Position</u>:  All defendants have been served.  Additional parties are not anticipated to be named but discovery continues.  Deadline to join additional parties should be near discovery cut off in light of the expectation of a protracted series of discovery battles.

    B.    <u>Defendants' Position</u>:  Defendants do not believe that any additional parties will be joined and therefore a deadline for joining additional parties in this matter is not applicable.

16.    **Proposed Discovery Plan.**

    A.    <u>Plaintiff's Position</u>:  The FRCP conference was held on January 17 and documents were circulated.  Initial disclosures were filed on the Court Deadline of January 31, 2008 by Plaintiff.  Defendant OPP provided an un-filed fax copy of initial disclosure on the same date.  Defendant Union Association provided  partial initial disclosures on the same date.  Individual Defendants other than Brandon Thompson and other than Mel Matson, Dwight Midles and Eric Dobson filed initial disclosures after Court Deadline.  Brandon Thompson has not filed initial disclosures.  Brandon

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

1   Thompson has not responded to request for input on this document.   Plaintiff's position

2   is that discovery is needed.  Plaintiff objects to Union representations of shortened

3   discovery schedule needs.  Plaintiff requests cooperation in sequence and timing of

4   discovery.  Plaintiff requests that if Defendant Union Association wants to petition the

5   Court for shortened discovery that it do so properly so argument can be had.   Plaintiff

6   will stipulate to argument on the topic following issuance and response to Plaintiff's

7   discovery to Union Association.  Plaintiff will object to any pre-textual motions filed

8   intended to cause this "shortened schedule" to happen without argument on the merits as

9   to why it should or should not be allowed.     Plaintiff does not stipulate to either

10  paragraphs 7 or 8 of Defendant Union Association's position and wants discovery rights

11  consistent with Court Rules and Defendant positions that all discovery prior to removal is

12  "invalid" as Defense has relied upon this assertion for many months prior to what now

13  appears to be a change of heart.

14  B.     Defendants' Position:  other than Local Lodge

15  (1)  The FRCP 26(f) conference was held on January 17, 2008 and initial disclosures

16  were exchanged on or before January 31, 2008.

17  (2)     Discovery will be needed on the issues of liability and damage.

18          (3)     Defendants agree to use the Federal Rules of Civil Procedure for the

19  exchange of discovery documents and conducting depositions with the possible exception

20  of permitting more than ten deponents per party.

21  (4)     Defendants agree to attempt to cooperate on issues regarding discovery.

22  (5)     Defendants agree that no other orders should be entered by the Court under FRCP

23  26(c) or under Local Rule 16(b) and (c).

24  (6)     Defendants expect that discovery will be completed no later than February 2,

25  2009.  Defendants request that the discovery cutoff date be set 120 days prior to trial.

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

1    Defendants will comply with the federal rules with respect to expert disclosures.

2    (7)    Local Lodge's position:

3    Local Lodge requests a limited discovery order from the court which

4    provides that Local Lodge will take the deposition of Plaintiff at an early date agreed to

5    by the parties, or in the absence of agreement, set by the court.  Local Lodge will then file

6    a Summary Judgment Motion that there has been no breach of the duty of fair

7    representation based upon controlling decisions of the United States Supreme Court.

8    Thereafter, Plaintiff may take a limited number of depositions as agreed by the parties, or

9    if no agreement, as determined by court order, which deal solely with the issues raised in

10    the Summary Judgment Motion.  Thereafter, Plaintiff may file its response, Local Lodge

11    file its reply, and the Motion be set for oral argument.  If summary Judgment is not

12    granted, limited further discovery may be needed by Plaintiff and Local Lodge.

13    (8) Defendants Sean Scupine, Shane Scupine, Ray Doyle, Robert Pierson, and Brandon

14    Thompson:  If the Court authorizes the relief requested by Defendant Lodge, these

15    defendants reserve the right to seek remand of the cause of action to the Superior Court

16    for Mason County.  These defendants do not object to the relief proposed by Defendant

17    Lodge in sub-paragraph (7) above.

18

19    **17.    Pretrial Statements and Pretrial Orders.**

20    A.    <u>Plaintiff's Position</u>:  Plaintiff has no position on this issue.

21    B.    <u>Defendants' Position</u>:  Defendants agree that the pretrial statements and pretrial

22    orders called for by Local Rule CR 16(3)(h)(i) and (l) and 16.1 should not be dispensed

23    with in whole or in part for the sake of economy (the Court will make the final

24    determination).

25

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

1  Respectfully submitted this 7th day of February, 2008.

2  Presented jointly by:

3  BONIN & COOK

4

5

   By: _/s/john bonin_____
6      JOHN R. BONIN, WSBA #25760
       Attorney for Plaintiff
7

8  GORDON, THOMAS, HONEYWELL,

9  MALANCA PETERSON & DAHEIM LLP

10

11

12

13  By: _____

14     Lewis L. Ellsworth, WSBA #11360
       Attorneys for Defendant Olympic Panel Products,
15     Dwight Midles and Mel Matson

16

17  LAW OFFICES OF DON S. WILLNER & ASSOC. P.C.

18

19

20

21  _____

22
   Don S. Willner, WSBA #25652
23  Attorneys for Defendant International Assoc.
   Of Machinists, Woodworkers Local Lodge W-38
24

25

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474

1  LAW OFFICE OF WM. MICHAEL HANBEY, P.S.

2

3

4

5  _____

6  Michael Hanbey, WSBA #7829
   Attorneys for Defendants Doyle, Scupine,
7  Pierson, and Thompson

8

9

10

11  BRANDON THOMPSON

12  Pro Se

13

14  _____

15  Brandon Thompson

16

17

18

19

20

21

22

23

24

25

BONIN & COOK, P.S.
A PROFESSIONAL SERVICE CORPORATION
P.O. BOX 783
SHELTON, WA 98584
(360)427-7474