UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARAH GRINENKO,<br><br>    Plaintiff,<br><br>    v.<br><br>OLYMPIC PANEL PRODUCTS, LLC, a Washington State limited liability company; INTERNATIONAL ASSOCIATION OF MACHINISTS, WOODWORKERS LOCAL LODGE W-38; RAY DOYLE; SEAN SCUPINE; SHANE SCUPINE; RANDY WARD; JANE DOE WARD; DWIGHT MIDLES; MEL MATSON; BRANDON THOMPSON; ROBERT PIERSON,<br><br>    Defendants. | CASE NO. C07-5402BHS<br><br>ORDER GRANTING DEFENDANTS MIDLES' AND MATSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: INDIVIDUAL LIABILITY UNDER TITLE VII |

This matter comes before the Court on Defendants Midles' and Matson's Motion for Partial Summary Judgment Re: Individual Liability under Title VII (Dkt. 39). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons state herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Except where otherwise indicated, the following facts are undisputed or taken in the light most favorable to Plaintiff, the nonmoving party:

Ms. Grinenko was employed by Olympic Panel Products, Inc. ("Olympic") from October of 2006 until May 18, 2007. Dkt. 17 at 3. Defendant Mel Matson was Ms.

ORDER - 1

1 Grinenko's immediate supervisor. *Id.* In March of 2007, Ms. Grinenko was the victim of
2 a sexual assault that caused her serious injury. *Id.* Ms. Grinenko requested time off from
3 Mr. Matson. *Id.* at 4. Mr. Matson instructed Ms. Grinenko to meet with him and
4 Defendant Dwight Midles, a human resources director. *Id.* Mr. Matson and Mr. Midles
5 required that Ms. Grinenko furnish a copy of the police report documenting the sexual
6 assault before Ms. Grinenko would be permitted to take time off and was questioned at
7 length and in detail about the subject matter of the report. Ms. Grinenko provided the
8 police report, and Mr. Midles and Mr. Matson advised Ms. Grinenko that the document
9 would be placed in her employee file. *Id.* Ms. Grinenko was ultimately granted leave. *Id.*

10 When Ms. Grinenko returned to work after her leave of absence, Mr. Matson met
11 with Ms. Grinenko and told her that he had disclosed the matter of the sexual assault to
12 someone at Olympic and that Ms. Grinenko should talk to that person. *Id.* at 5. According
13 to Ms. Grinenko, this disclosure created "a previously non-existent interest in her by male
14 coworkers." *Id.* Ms. Grinenko's amended complaint details various encounters with male
15 employees who are not the subject of the instant motion. Ms. Grinenko reported concerns
16 about these encounters to Larry Brown, who in turn spoke to Mr. Matson. *Id.* at 8.

17 Mr. Matson told Ms. Grinenko that he would "look into" the concerns Ms.
18 Grinenko raised and reminded her to tell the coworkers that their advances were not
19 welcome. *Id.* at 9. Ms. Grinenko advised Mr. Matson that she had already done so. *Id.*

20 After discussing the encounters with Mr. Matson, Ms. Grienko contends that male
21 coworkers began to treat her with "overwhelming hostility." *Id.* On or about May 14,
22 2007, Ms. Grinenko again spoke with Mr. Matson about the working environment. *Id.* at
23 11. Mr. Matson told Ms. Grinenko to "toughen up." *Id.* Mr. Matson advised Mr. Grinenko
24 that he had previously suggested that Ms. Grinenko simply tell her male coworkers that
25 she had a boyfriend in order to avoid their advances. Ms. Grinenko then tendered her oral
26 resignation, effective June 1, 2007. *Id.*

27 After tendering her resignation, Ms. Grinenko returned to her work station and
28 encountered more unwelcome behavior from one of her male coworkers. *Id.* Ms.

ORDER - 2

Grinenko tried to locate Ms. Matson to report the behavior but was unable to do so. The unwelcome conduct continued, and Ms. Grinenko notified the acting manager that she was leaving. *Id.* at 12. The acting manager agreed to notify Mr. Matson.

That evening, a male coworker called Ms. Grinenko at home to advise that Mr. Matson reported to Mr. Midles that Ms. Grinenko had "walk[ed] off the job" and that Mr. Matson believed that Ms. Grinenko had fabricated the sexual assault story in order to take time off from work. *Id.* at 12.

Ms. Grinenko asserts the following against Mr. Midles and Mr. Matson: invasion of privacy, hostile work environment, discrimination, termination in violation of public policy, infliction of emotional distress, and outrage. Dkt. 17 at 17-22.

**II. DISCUSSION**

**A.    SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

1    The determination of the existence of a material fact is often a close question. The
2 Court must consider the substantive evidentiary burden that the nonmoving party must
3 meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477
4 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual
5 issues of controversy in favor of the nonmoving party only when the facts specifically
6 attested by that party contradict facts specifically attested by the moving party. The
7 nonmoving party may not merely state that it will discredit the moving party's evidence at
8 trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*
9 *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific
10 statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan*
11 *v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.   INDIVIDUAL LIABILITY UNDER TITLE VII**

Defendants Midles and Matson move for partial summary judgment, seeking a ruling from the Court that they cannot be held personally liable under Title VII. Dkt. 39 at 2. In this response, Plaintiff clarifies that she does not bring her Title VII claims against Defendants Midles and Matson individually. Dkt. 41. While Plaintiff contends that her clarification has rendered the motion moot, it is not clear from the amended complaint whether Plaintiff seeks to impose individual liability under Title VII against Defendants Matson and Midles. Summary judgment on this issue is therefore proper.

**C.   PLAINTIFF'S SURREPLY**

The Local Rules of this district provide for the filing of a surreply to strike material contained in or attached to a reply brief. Local Rule CR 7(g). Plaintiff did not notify the Court that a surreply would be filed, and Plaintiff's surreply does not seek to strike material contained in or attached to the reply brief. The Court has therefore declined to consider the surreply.

### III. ORDER

Therefore, it is hereby

**ORDERED** Defendants Midles' and Matson's Motion for Partial Summary Judgment Re: Individual Liability under Title VII (Dkt. 39) is **GRANTED**, and Plaintiff's Title VII claims against Defendants Midles and Matson individually are **DISMISSED**.

DATED this 20th day of March, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge