UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARAH GRINENKO,<br><br>          Plaintiff,<br><br>   v.<br><br>OLYMPIC PANEL PRODUCTS, LLC, a Washington State limited liability company; INTERNATIONAL ASSOCIATION OF MACHINISTS, WOODWORKERS LOCAL LODGE W-38; RAY DOYLE; SEAN SCUPINE; SHANE SCUPINE; RANDY WARD; JANE DOE WARD; DWIGHT MIDLES; MEL MATSON; BRANDON THOMPSON; ROBERT PIERSON,<br><br>          Defendants. | CASE NO. C07-5402BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART LOCAL LODGE'S MOTION TO COMPEL DISCOVERY AND FOR THE COURT TO ENTER A PROTECTIVE ORDER |

    This matter comes before the Court on Local Lodge's Motion to Compel Discovery and for the Court to Enter a Protective Order (Dkt. 43).The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

ORDER - 1

## I. BACKGROUND AND DISCUSSION

**A.     INITIAL DISCLOSURES**

Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)**.**

Fed. R. Civ. P. 26(b)(1).

If a party fails to make its initial disclosures, any party may move to compel such disclosure. Fed. R. Civ. P. 37(a)(3)(A). The motion must certify that the parties have made a good faith effort to confer and resolve the dispute themselves. Fed. R. Civ. P. 37(a)(1). A good faith effort to confer "requires a face-to-face meeting or a telephone conference." Local Rule CR 37(a)(2)(A). In this case, the parties conferred by telephone on February 26, 2008, regarding Plaintiff's initial disclosures but were not able to resolve this discovery dispute without intervention from the Court. Dkt. 43 at 2.

International Association of Machinists, Woodworkers Local Lodge W-38 ("Local Lodge") moves to compel production of Plaintiff's initial disclosures. Dkt. 43. The deadline for exchanging initial disclosures was January 31, 2008. Dkt. 23. Counsel for Local Lodge wrote to Plaintiff to request production of Plaintiff's initial disclosure materials on February 12, 2008, February 18, 2008, and February 25, 2008. Dkt. 43-2, Exhs. 1-3 at 1-6.

In connection with her initial disclosures, Plaintiff made documents in her possession available for inspection and copying as follows: "Documents listed as in Plaintiff's possession are available for inspection and copying pursuant to Court Rules at the office of Bonin & Cook, P.S., 1800 Olympic Highway South, Suite 2, Shelton, WA

ORDER - 2

1  98584 and upon provision of an agreed upon mutual protective order or order of the
2  Court." Dkt. 35 at 4-5.

3  Plaintiff's deposition is scheduled for April 1, 2008, and Local Lodge would like
4  to review all unprivileged documents in Plaintiff's possession before the deposition. Dkt.
5  43 at 2. Counsel for Local Lodge proposed to send a secretary from Local Lodge to
6  inspect and copy Plaintiff's materials. Dkt. 43-2, Exh. 3 at 6. Plaintiff objected on the
7  grounds that the secretary had been identified as a fact witness in this case. Dkt. 49 at 3
8  n.3. Plaintiff is apparently willing to allow for inspection and copying of "materials that
9  would not be the subject of a protective order requirements" by a person who has not
10 been identified as a fact witness. Dkt. 49 at 8-9. In this respect, the motion is therefore
11 granted.

**B.    PROTECTIVE ORDER**

While the parties have apparently exchanged proposed protective orders in a different case involving the same attorneys, it does not appear that the parties first conferred with one another regarding the entry of a protective order in this case. *See* Dkt. 43 at 2. Local Lodge and Plaintiff apparently agree that a protection order to protect the privacy of Plaintiff's medical records is proper. *See* Dkt. 53-2 (Local Lodge's proposed protective order); Dkt. 49-2 (Plaintiff's proposed protective order). After Local Lodge's motion had been fully briefed, Local Lodge submitted a proposed protective order signed by all parties except Ms. Grinenko. Dkt. 60-2.

Pursuant to Fed. R. Civ. P. 26(c), protective orders should be issued "for good cause shown." This is a public court, and its business should be conducted publicly unless there is a specific reason to keep things confidential. When protective orders are appropriate, they should be narrowly drawn, the presumption being in favor of open and public litigation. The proposed protective orders submitted in this case are deficient in the following respects:

ORDER - 3

1  First, the proposed protective orders provide for the sealing of documents. Before any documents may be sealed, the parties must file a motion including "a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access." Local Rule CR 5(g)(2).

Second the proposed protective orders provide for removal of documents from the Court file. Once filed, even if under seal, documents will remain a part of the electronic file and may not be removed.

Third, the proposed protective orders allow the parties to modify the protective order by agreement among the parties. While the parties may agree that modification or amendment is proper and may seek leave of Court to effectuate modifications and amendments, orders by the Court are subject to amendment or modification only by the Court.

Finally, the order must contain a provision that the Court may change the terms of the protective order on its own motion after notice to the parties and an opportunity to be heard.

The Court will not rewrite the parties' proposals. The parties should confer, in person or by telephone, and draft a protective order that is agreeable to all parties, is narrowly drawn, and addresses the concerns noted above.

## II. ORDER

Therefore, it is hereby

**ORDERED** that Local Lodge's Motion to Compel Discovery and for the Court to Enter a Protective Order (Dkt. 43) is **GRANTED in part** and **DENIED in part** as follows: On or before March 26, 2008, Plaintiff shall make available for inspection and copying, by someone who is neither a party nor a witness in this matter, all documents, electronically stored information, and tangible things that Plaintiff has in her possession, custody, or control and may use to support her claims or defenses, unless the use would

1  be solely for impeachment. The Court declines to enter the parties' proposed protective
2  orders.
3       DATED this 24th day of March, 2008.

                                            BENJAMIN H. SETTLE
                                            United States District Judge

ORDER - 5