UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARAH GRINENKO,<br><br>            Plaintiff,<br><br>   v.<br><br>OLYMPIC PANEL PRODUCTS, LLC, a Washington State limited liability company; INTERNATIONAL ASSOCIATION OF MACHINISTS, WOODWORKERS LOCAL LODGE W-38; RAY DOYLE; SEAN SCUPINE; SHANE SCUPINE; RANDY WARD; JANE DOE WARD; DWIGHT MIDLES; MEL MATSON; BRANDON THOMPSON; ROBERT PIERSON,<br><br>            Defendants. | CASE NO. C07-5402BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT/ CONSOLIDATE CASE WITH C07-5436 AND TO BIFURCATE INDIVIDUAL DEFENDANTS CASES |

This matter comes before the Court on Plaintiff's Motion to Amend Complaint/Consolidate Case with C07-5436 and to Bifurcate Individual Defendants Cases (Dkt. 65). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts, according to the amended complaint, are as follows:

Ms. Grinenko was employed by Olympic Panel Products, Inc. ("Olympic") from October of 2006 until May 18, 2007. Dkt. 17 at 3. Ms. Grinenko was the victim of a

ORDER - 1

1    sexual assault that caused her serious injury. *Id.* Ms. Grinenko requested time off from
2    work. *Id.* at 4. Ms. Grinenko was ultimately granted leave only after being required to
3    furnish a copy of the police report and undergo lengthy questioning about the subject
4    matter of the report. *Id.* When Ms. Grinenko returned to work after her leave of absence,
5    she discovered that the matter of the sexual assault had been disclosed. *Id.* at 5. According
6    to Ms. Grinenko, this disclosure created "a previously non-existent interest in her by male
7    coworkers" and male coworkers began to treat her with "overwhelming hostility." *Id.* at
8    5, 9. Ms. Grinenko contends that responses to her complaints about the working
9    environment were inadequate. *Id.* at 11. Ms. Grinenko then tendered her oral resignation,
10   effective June 1, 2007. *Id.* Ms. Grinenko brings suit for the following claims: invasion of
11   privacy, hostile work environment, retaliation, discrimination, termination in violation of
12   public policy, assault, infliction of emotional distress, outrage, breach of contract and
13   fiduciary duty, gender discrimination by Plaintiff's union, and defamation. Dkt. 17 at 17-
14   26.

15   Plaintiff previously moved for entry of a consolidated discovery schedule to
16   govern this case and *Spurgeon v. Olympic Panel Products*, No. 07-5436BHS. Dkt. 50.
17   The Court denied that motion, holding that the cases are insufficiently similar to warrant a
18   consolidated discovery schedule.

19   Plaintiff now moves to consolidate this matter with the Spurgeon matter, seeks
20   leave to file a second amended complaint, asks the Court to bifurcate and remand
21   individual defendants' claims, and to certify a class. Dkt. 65.

## II. DISCUSSION

**A.    MOTION TO STRIKE**

24   As a threshold matter, Olympic moves to strike several portions of Ms. Grinenko's
25   reply, the Declaration of John Bonin and all exhibits attached thereto, the Declaration of
26   Alma Davis, the Declaration of Christine Hoyt and attachments thereto, the Second
27   Declaration of Christine Hoyt, the Third Declaration of Christine Hoyt and attachments
28   thereto, the Declaration of Kecia Johnson, the Declaration of Rosemary Kudia, and the

ORDER - 2

Second Declaration of Rosemary Kudia and attachments thereto. Dkt. 87 at 1-2. Defendant Olympic Panel Products' Request to Strike Portions of Plaintiff's Reply (Dkt. 87) is granted in part and denied in part for the reasons below.

**1.     Reply Arguments**

Olympic moves to strike several portions of the reply as irrelevant or beyond the scope of the motion and responses. Dkt. 87 at 1.

First, Olympic moves to strike language on page three of the reply referencing the legal experience of counsel for Olympic and Local Lodge. *See* Dkt. 74 at 3. This portion of the reply bears no relevance to the legal issues presented by the motion and is therefore stricken.

Second, Olympic moves to strike page four in its entirety, including footnote one. Page four references the existence of previously- and newly-filed declarations and should not be stricken. *See id.* at 4. Footnote one addresses the parties' attempts to draft an agreed protective order, an issue that was the subject of a previous order and is beyond the scope of the instant motion. Footnote one is therefore stricken.

Third, Olympic moves to strike portions of page five that allege a practice of advising employees that the only basis for grievances is failure to provide union representation. *See id.* at 5. This portion of the reply is beyond the scope of the motion and is therefore stricken.

Fourth, Olympic moves to strike the first paragraph on page six of the reply, which addresses the second amended complaint filed in the Spurgeon matter. This portion of the reply is beyond the scope of the motion and is therefore stricken as irrelevant.

**2.     Declaration of John Bonin and Exhibits Thereto**

Olympic moves to strike the Declaration of John Bonin and all attachments thereto. Dkt. 87 at 2. Mr. Bonin's declaration serves primarily to identify exhibits offered in support of the reply. To the extent that Mr. Bonin's declaration asserts facts that are beyond the scope of the motion, the declaration is stricken. Exhibit A is a psychological evaluation of Plaintiff and is stricken as irrelevant and beyond the scope of a proper reply.

ORDER - 3

Exhibit B is not an exhibit but instead contains argument in support of Plaintiff's request for class certification or consolidation. Exhibit B is stricken. Exhibit C, part of a proposed third amended complaint in the event that this case is certified as a class action, is stricken as beyond the scope of the motion and response. Exhibits D-P are stricken as irrelevant, beyond the scope of a proper reply, or both.

### 3. Other Declarations in Support of Reply

Olympic moves to strike documents attached in support of the reply as irrelevant and beyond the scope of the motion and responses. Dkt. 87 at 2. While Plaintiff's counsel contends that some of these declarations were previously provided, the motion does not address any of the declarations. Defendants have therefore been deprived of the opportunity to address the factual basis for Plaintiff's motion because the factual underpinnings were not revealed until the reply was filed. The declarations of Alma Davis (Dkt. 75), Christine Hoyt (Dkts. 76, 77, 78), Kecia Johnson (Dkt. 79), and Rosemary Kudia (Dkts. 80, 81) are therefore stricken.

### B. PLAINTIFF'S MOTION TO AMEND COMPLAINT/CONSOLIDATE CASE WITH C-07-5436 AND TO BIFURCATE

Over the course of just four pages of briefing, Plaintiff asks the Court to consolidate the Grinenko and Spurgeon matters, to grant Plaintiff leave to file a second amended complaint, to sever individual Defendants from this case, to remand claims against individual Defendants to state court, and to certify this case as a class action. Dkt. 65. The motion fails to offer any legal authority to support these requests; is not supported by affidavits, declarations, or exhibits; and makes no citation to the factual record in this case. Frankly, the motion leaves one wondering whether Plaintiff's counsel's requests are sincere or made in jest. The reply, on the other hand, is supported by approximately 150 pages of exhibits and declarations. Offering such a naked motion only to flood the electronic file with documentation in support of a reply brief is inappropriate and threatens due process. While many of the requests contained in the motion should be

denied outright for failure to state the legal bases for the requests, the Court will address each request in the interest of fairness to Ms. Grinenko.

**1.     Consolidation**

Consolidation of cases is governed by Federal Rule of Civil Procedure 42(a), which provides as follows:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). This rule affords courts "broad discretion" to consolidate cases pending in the same district, either upon motion by a party or sua sponte. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

The legal term "consolidation" is employed in three different contexts: "(1) when several actions are stayed while one is tried, and the judgment in the case tried will be conclusive as to the others; (2) when several actions are combined and lose their separate identities, becoming a single action with a single judgment entered; and (3) when several actions are tried together, but each suit retains its separate character, with separate judgments entered." *Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2382 (2d ed. 1995)). The traditional rule, in place before Federal Rule of Civil Procedure 42(a) was adopted, provided that "consolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). While the language of Federal Rule of Procedure 42(a) apparently permits consolidation either to merge the cases or to retain the separate character of the cases, the majority of courts subscribe to the traditional rule. *Schnabel*, 302 F.3d at 1035; *see also Geddes v. United Financial Group*, 559 F.2d 557, 561 (9th Cir. 1977 (citing *Johnson*, 289 U.S. at 496-97);

ORDER - 5

*but see Huene v. U.S.*, 743 F.2d 703, 705 (9th Cir. 1984) (treating consolidated cases as one for purposes of permitting appeal).

In this case, Defendants oppose consolidation. Dkt. 66 at 5; Dkt. 67 at 5; Dkt. 68 at 2; Dkt. 72 at 1. As the Court indicated with respect to Plaintiff's motion for a consolidated discovery schedule, the Grienenko and Spurgeon matters are insufficiently similar to warrant consolidation.

First, while some parties appear in both matters, there are several parties in the Grinenko matter who are not parties to the Spurgeon matter.

Second, the Grinenko matter is set for a jury trial on February 17, 2009, and the Spurgeon matter is set for a bench trial on December 8, 2008. The cases are therefore in a different posture and could not easily accommodate consolidation.

Third, while some of the claims overlap, there are some claims unique to each case: invasion of privacy, assault, infliction of emotional distress, outrage, defamation, fraud/misrepresentation, breach of contract under the Washington Law Against Discrimination, and violation of Washington law regarding viewing of employment records. In light of these substantial differences, the Court declines to consolidate the Grinenko and Spurgeon matters.

**2.  Amendment**

Plaintiff seeks leave to file an second amended complaint to correct scrivener errors in the spelling of names, to reflect Ms. Grinenko's married name, and to make unspecified "minor clarifications." Dkt. 65 at 1. Defendants Ray Doyle, Sean Scupine, Shane Scupine, and Robert Pierson do not oppose amendment of the complaint to reflect Ms. Grinenko's married name "upon verification of the change of her marital status" but oppose amendment for purposes of consolidation or class certification. Dkt. 66 at 3-4. Olympic similarly does not oppose amendment to reflect Plaintiff's married name but requests that Plaintiff specify which scrivener errors would be corrected and why such corrections could not have been made earlier. Dkt. 67 at 2. Local Lodge contends that amendment is unnecessary to correct misspellings or to reflect Ms. Grinenko's married

ORDER - 6

1  status. Dkt. 68 at 2. Defendants Randy and Jane Doe Ward also oppose amendment of the
2  complaint. Dkt. 72 at 1.

3  Because Plaintiff does not address the scrivener's errors sought to be corrected, the
4  Court cannot evaluate the merits of Plaintiff's request. The Court is particularly
5  concerned that the proposed second amended complaint includes "minor clarifications"
6  that have not been brought to the attention of the Court or of Defendants. Therefore,
7  while the Court appreciates Plaintiff's desire to present a complaint that is free of error,
8  Plaintiff's motion to amend is denied. Plaintiff is encouraged to cooperate with
9  Defendants to craft a stipulated amended complaint that would not overly burden
10 Defendants and, if possible, would not require Defendants to draft entirely new answers.

### 3. Bifurcation and Remand

Plaintiff seeks bifurcation on the grounds that "[t]he individual defendants . . . would best be addressed by bifurcation of the individual matters and remanding these individual claims back to state court." Dkt. 65 at 3. Defendants Ray Doyle, Sean Scupine, Shane Scupine, Robert Pierson, and Randy and Jane Doe Ward do not oppose remand of Plaintiff's claims against them because claims against these individual defendants do not invoke the Court's federal question jurisdiction. Dkt. 66 at 2; Dkt. 72 at 2. Olympic opposes bifurcation on the grounds that bifurcation would lead to the existence of two lawsuits with overlapping claims and evidence, thereby wasting judicial resources. Dkt. 67 at 13-14. Local Lodge apparently opposes bifurcation and remand only as to Defendants Eric Dobson and his wife. *See* Dkt. 68 at 2 ("Local Lodge respects the preference of the individual defendants, other than the Dobsons, on the issue of whether their cases should be remanded to State Court."). The precise contours of Plaintiff's request for bifurcation are unclear, although it appears that Plaintiff may be asking the Court to sever certain claims. The Court will not speculate as to the relief sought by Plaintiff or as to whether severance would be proper upon a properly-supported motion. In this respect, Plaintiff's motion is denied.

ORDER - 7

### 4. Class Certification

Though not captioned as a motion for class certification, Plaintiff's motion appears to seek to certify a class of plaintiffs. *See* Dkt. 65 at 2 ("The information provided to date in discovery would indicate that this multi-plaintiff litigation may be suited for class certification.").

Certification of a class action is appropriate only if the prerequisites of Federal Rule of Civil Procedure 23(a) are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Generally speaking, the suit must be maintainable as a class action under Rule 23(b) because (1) the prosecution of separate actions would risk adjudications that are inconsistent or would be dispositive of interests of nonparties, (2) the defendants acted on grounds that apply generally to the class such that injunctive or declaratory relief is appropriate to the class as a whole, or (3) common questions of law or fact predominate over individual issues. Fed. R. Civ. P. 23(b).

The party moving for class certification bears the burden of proving that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The Court must engage in a rigorous analysis to determine whether the prerequisites of Federal Rule 23(a) are satisfied. *See General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The movant need not make an extensive evidentiary showing so long as the Court is provided enough information to form a reasonable judgment on each certification requirement. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). The Court may not conditionally certify a class on the basis of speculation that certification requirements may later be met. *Id*.

ORDER - 8

Where there is insufficient information to make a reasonable judgment on all requirements, Local Rule CR 23 provides that the Court may postpone final determination of the issue until more information is available:

> The court may certify the class, may disallow and strike the class allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appear appropriate and necessary in the circumstances. Whenever possible, where the determination is postponed, a date will be fixed by the court for renewal of the motion.

Local Rule CR 23(f)(3).

Several features of this case militate against class certification. First, it does not appear that the proposed class is so numerous that joinder would be impractical. Assuming that all current Olympic employees have claims similar to Plaintiff's, joinder of 29 plaintiffs is feasible and does not necessitate certification of a class.

Second, from the evidence now before the Court, it does not appear that the subject matter of this case presents common issues of law or fact. While the commonality prong is construed permissively and a common course of conduct against all class members may satisfy the commonality requirement, this case would appear to present diverging facts and diverging legal issues such that the cases could not, or should not, be maintained as a class action. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (commonality prong construed permissively); *Blackie*, 524 F.2d at 902 (common course of conduct); *Hanlon*, 524 F.2d at 902 (Commonality is satisfied even if there are common legal issues and diverging facts or a common core of facts and differing claims to relief.).

Finally, the Court notes that the typicality prong may also present obstacles to certifying this matter as a class action. The typicality prong is permissive and requires that the class representative's claims be reasonably co-extensive with, not substantially identical to, those of absent class members. *Hanlon*, 150 F.3d at 1020. It does not appear that Plaintiff, who is a former employee of Olympic, is in a sufficiently similar posture to current employees such that her claims could be deemed sufficiently typical.

Plaintiff's cursory presentation of the class certification issue does not provide the Court with sufficient information to form a reasonable judgment on each certification

requirement and is insufficient to meet her burden of proving that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23. To the extent that Plaintiff moves for certification of a class, the motion is denied.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Amend Complaint/Consolidate Case with C07-5436 and to Bifurcate Individual Defendants Cases (Dkt. 65) is **DENIED**, and Defendant Olympic Panel Products' Request to Strike Portions of Plaintiff's Reply (Dkt. 87) is **GRANTED in part** and **DENIED in part** as provided herein.

DATED this 21st day of April, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 10