UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARAH GRINENKO,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>OLYMPIC PANEL PRODUCTS, LLC, a Washington State limited liability company; INTERNATIONAL ASSOCIATION OF MACHINISTS, WOODWORKERS LOCAL LODGE W-38; RAY DOYLE; SEAN SCUPINE; SHANE SCUPINE; RANDY WARD; JANE DOE WARD; DWIGHT MIDLES; MEL MATSON; BRANDON THOMPSON; ROBERT PIERSON,<br><br>　　　　　　　Defendants. | CASE NO. C07-5402BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE DEFENDANT UNION'S MOTION FOR SUMMARY JUDGMENT |

　　This matter comes before the Court on Plaintiff's Motion to Continue Defendant Union's Motion for Summary Judgment (Dkt. 99). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. BACKGROUND AND DISCUSSION**

　　Pending before the Court is Plaintiff's request for a continuance of Defendant International Association of Machinists, Woodworkers' ("Local Lodge") Motion for Summary Judgment. Dkt. 99.

ORDER - 1

As a threshold matter, the Court declines to consider documents filed after the instant motion was noted for consideration. On June 24, 2008, after the instant motion was fully briefed and ripe for consideration, Plaintiff filed a 39-page document entitled "Plaintiff's Supplemental Declaration RE: Depositions and Motion to Continue Defendant Union's Motion for Summary Judgment." Dkt. 104. Plaintiff did not seek leave of Court to file the "supplement." Moreover, the Court has previously cautioned Plaintiff's counsel that extensive filing in support of a reply brief is inappropriate and threatens due process:

> The motion fails to offer any legal authority to support these requests; is not supported by affidavits, declarations, or exhibits; and makes no citation to the factual record in this case. Frankly, the motion leaves one wondering whether Plaintiff's counsel's requests are sincere or made in jest. The reply, on the other hand, is supported by approximately 150 pages of exhibits and declarations. Offering such a naked motion only to flood the electronic file with documentation in support of a reply brief is inappropriate and threatens due process.

Dkt. 91 at 4. Plaintiff's counsel's supplemental declaration is perhaps more egregious as it was filed after Plaintiff's motion was noted for consideration. Local Lodge's motion to strike Plaintiff's supplemental materials (Dkt. 105) is therefore granted. The Court also declines to consider Plaintiff's Response to Defendant's Surreply and Motion to Strike (Dkt. 106) as the Court did not request a response to the motion to strike. *See* Local Rule CR 7(g)(4) (No response to a surreply shall be filed unless requested by the Court.).

While Plaintiff cites no legal authority in support of the motion to continue, such a motion may be made pursuant to Federal Rule of Civil Procedure 56(f), which allows the Court to deny or continue a motion for summary judgment if the defending party establishes that it is unable to properly defend against a motion for summary judgment:

> (f) When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

ORDER - 2

Fed. R. Civ. P. 56(f). The party seeking a continuance must make (a) a timely application that (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists. *Emplrs. Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129-1130 (9th Cir. 2004). The Court may deny the request unless the party opposing summary judgment articulates how additional discovery may preclude summary judgment and demonstrates diligence in pursuing discovery thus far. *Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994). The burden is on the nonmoving party to establish that proceeding with additional discovery would produce evidence sufficient to defeat summary judgment and that the evidence it seeks is in existence. *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

The Court notes that the discovery deadline in this matter is currently set for October 20, 2008, (Dkt. 40) and that it appears that Plaintiff seeks to conduct several depositions before responding to Local Lodge's motion. Plaintiff fails to demonstrate that she "cannot present facts essential to justify [her] opposition" or to identify with any specificity the relevant information she seeks to discover. Therefore, while the Court appreciates that discovery remains ongoing and that continued discovery may be of assistance to Plaintiff, the Court declines to continue Local Lodge's Motion for Summary Judgment absent a proper showing.

## II. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Continue Defendant Union's Motion for Summary Judgment (Dkt. 99) is **DENIED**.

DATED this 30th day of June, 2008.

BENJAMIN H. SETTLE
United States District Judge