1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

SARAH GRINENKO,

12                    Plaintiff,                    CASE NO. C07-5402BHS

13          v.

14  OLYMPIC PANEL PRODUCTS, LLC, a          ORDER DENYING
    Washington State limited liability              STIPULATED PROTECTIVE
15  company; INTERNATIONAL                   ORDER
    ASSOCIATION OF MACHINISTS,
16  WOODWORKERS LOCAL LODGE
    W-38, et al.,
17
                    Defendants.
18

19          This matter comes before the Court on the parties' Stipulated Protective Order

20  (Dkt. 133).  The Court has considered the stipulated protective order and the remainder of

21  the file and hereby denies the protective order for the reasons stated herein.

22          Under Fed. R. Civ. P. 26(c)(1)(g), the Court may issue an order to protect a party

23  by "requiring that a trade secret or other confidential research, development, or

24  commercial information not be revealed or be revealed only in a specified way."  The

25  motion requesting such an order "must include a certification that the movant has in good

26  faith conferred or attempted to confer with other affected parties in an effort to resolve the

27  dispute without court action."  Fed. R. Civ. P. 26(c)(1).

28

ORDER - 1

1    As a threshold matter, the stipulated protective order seems to be a scanned

2  document that was faxed to one party after hand-made alterations were made to the

3  original document by the opposing party. *See* Dkt. 133. This makes it nearly impossible

4  for the Court to determine what terms of the protective order were agreed to by the

5  parties. For example, on page four of the document, typed words are crossed out,

6  alterations were written in by hand, and then the hand-made alterations were crossed out.

7  None of these alterations are accompanied by initials or signature.

8    The stipulated protective order request is too broad and the terms of the order give

9  discretion to the parties to designate documents subject to the protective order. *See* Dkt.

10  133 at 4, ¶¶ 6-7. The proposed order seeks to dictate procedure and timelines that are not

11  consistent with the guidelines for filing electronic documents. *Compare id.* ¶ 4 *with*

12  Local Rules 5(g) and 7(d). The proposed order also seeks to include an advance ruling

13  for breach of the provisions of the order. *See* Dkt. 133, ¶ 11. These provisions, as well as

14  others, are provisions that are more appropriate for agreements among parties and are not

15  the business of the Court.

16    Any request for a protective order to be entered by the Court must be narrowly

17  drawn, clearly identifying the class or type of documents subject to the protective order,

18  and articulate the factual basis for the order without relying on hypothesis or conjecture.

19  *See Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289 (9th

20  Cir. 1986). The term "CONFIDENTIAL" is merely a classification and is not a specific

21  fact that articulates the basis for sealing material.

22    The parties may, of course, agree on confidentiality among themselves, but when

23  they request that the Court be involved, they must make the requisite showing.

24  Moreover, the Court will require a higher threshold when it is asked to seal motions, or

25  documents attached to motions, that reach the merits of this action. *See Kamakana v. City*

26  *and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

27

28

ORDER - 2

1   The protection of Defendant Olympic Panel's trade secrets may be good cause for

2   a protective order, but the proposed order does not comply with either the federal or local

3   rules of civil procedure. When protective orders are appropriate, they should be narrowly

4   drawn, the presumption being in favor of open and public litigation. *See* Local Rule

5   5(g)(1).

6       The Court recognizes that the parties met and conferred prior to filing this motion.

7   The Court also reiterates that this order does not preclude the parties from entering into an

8   agreement that includes the provisions of the proposed stipulated order.

9       Therefore, the Court denies the stipulated protective order and it will remain in the

10  electronic file without force or effect.

11      It is hereby

12      **ORDERED** that the parties' Stipulated Protective Order (Dkt. 133) is **DENIED**.

13  DATED this 21st day of August, 2008.

14

15

16  _____

17  BENJAMIN H. SETTLE
    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

ORDER - 3