UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARAH GRINENKO,

        Plaintiff,

   v.

OLYMPIC PANEL PRODUCTS, et al.,

        Defendants.

CASE NO. C07-5402BHS

ORDER GRANTING DEFENDANTS OLYMPIC'S, MIDLES', AND MATSON'S PARTIAL SUMMARY JUDGMENT RE INVASION OF PRIVACY

This matter comes before the Court on Defendants Olympic Panel Products', Midles' and Matson's Motion for Partial Summary Judgment Re: Invasion of Privacy (Dkt. 118). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Except where otherwise indicated, the following facts are undisputed or taken in the light most favorable to Plaintiff, the nonmoving party:

Ms. Grinenko was employed by Olympic Panel Products, Inc. ("Olympic") from October of 2006 until May 18, 2007. Dkt. 17 at 3. Defendant Mel Matson was Ms. Grinenko's immediate supervisor. *Id.* In March of 2007, Ms. Grinenko was the victim of

ORDER - 1

a sexual assault that caused her serious injury. *Id.* Ms. Grinenko requested time off from Mr. Matson. *Id.* at 4. Mr. Matson instructed Ms. Grinenko to meet with him and Defendant Dwight Midles, a human resources director. *Id.* Mr. Matson and Mr. Midles required that Ms. Grinenko furnish a copy of the police report documenting the sexual assault before Ms. Grinenko would be permitted to take time off and was questioned at length and in detail about the subject matter of the report. Ms. Grinenko provided the police report, and Mr. Midles and Mr. Matson advised Ms. Grinenko that the document would be placed in her employee file. *Id.* Ms. Grinenko was ultimately granted leave. *Id.*

Plaintiff worked in a position covered under a collective bargaining agreement ("CBA"), which set out the terms and conditions of Plaintiff's employment. Dkt. 118 at 1. There are two provisions of the CBA relevant to Defendants' motion: (1) 5:04, which states in part, "[e]ach of the following is strictly forbidden and is cause for immediate discipline, which may include suspension or discharge at Olympic's discretion . . . [f]ailure to report for duty without bonafide reason," and (2) 11:10, which states in part, "[l]eave of absence, injury or illness shall not be cause for loss of seniority, and Olympic may require medical evidence of illness . . . ." Dkt. 119, 8-9.

When Ms. Grinenko returned to work after her leave of absence, Mr. Matson met with Ms. Grinenko and told her that he had disclosed the matter of the sexual assault to someone at Olympic and that Ms. Grinenko should talk to that person. *Id.* at 5. According to Ms. Grinenko, this disclosure created "a previously non-existent interest in her by male coworkers." *Id.* Ms. Grinenko's amended complaint details various encounters with male employees who are not the subject of the instant motion, who began to treat her with "overwhelming hostility." *Id.*

Ms. Grinenko asserts six causes of action against Defendants. Dkt. 17 at 17-22. Ms. Grinenko's invasion of privacy claim is asserted against Olympic, Mr. Midles, and Mr. Matson. This cause of action states in its entirety:

**Invasion of Privacy - defendant employer and individual defendants Matson and Midles**

3.1 Plaintiff restates and realleges all prior paragraphs as if fully set forth herein.
3.2 Plaintiff was the victim of a crime and suffered injury to her person as a result of that crime.
3.3. As a result of her victimization in that crime the Plaintiff requested additional time off work in order to recover.
3.4 Defendants demanded specific, private and personal information from the Plaintiff as to the details fo this private information and subsequently disclosed that personal information to others without Plaintiffs [sic] permission or consent.
3.5 As a direct and proximate result of the Defendants [sic] unauthorized disclosure of this personal and private information to others the Plaintiff has been injured in an amount to be proven at time of trial or hearing.

Dkt. 17, 17-18.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

1    The determination of the existence of a material fact is often a close question. The
2    Court must consider the substantive evidentiary burden that the nonmoving party must
3    meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477
4    U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual
5    issues of controversy in favor of the nonmoving party only when the facts specifically
6    attested by that party contradict facts specifically attested by the moving party. The
7    nonmoving party may not merely state that it will discredit the moving party's evidence at
8    trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*
9    *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific
10   statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan*
11   *v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Olympic, Midles and Matson ("Defendants") move for partial summary judgment, seeking dismissal of Plaintiff's invasion of privacy claim on the basis that the claim is preempted by the Labor Management Relations Act ("LMRA"). Dkt. 118 at 3. Defendants argue that Plaintiff's claim is preempted by the LMRA because any alleged privacy invasion arising out of Defendants' inquiry relating to Plaintiff's assault, as well as the reasonableness of that inquiry, implicate the terms of the collective bargaining agreement ("CBA"). Dkt. 118 at 6. In her response, Plaintiff contends that the state law invasion of privacy claim is not preempted by the LMRA because adjudicating the claim does not involve analysis of the CBA. Dkt. 129 at 3, 5.

In its reply, Defendants clarify that, at this time, they do not seek dismissal of Plaintiff's invasion of privacy claim as it pertains to Defendants' alleged disclosure of facts concerning the assault to third parties. Dkt. 143 at 2. Defendants contend that this clarification is necessary because Plaintiff's complaint is not clear as to whether allegations of the Defendants' disclosures "is part of the invasion of privacy claim or is related to plaintiff's other claims in this lawsuit." *Id.* Thus, Defendants' partial summary

judgment motion pertains only to "the allegation that [Defendants] invaded plaintiff's privacy by asking questions in connection with plaintiff's requested leave of absence." *Id.*

**C.      PREEMPTION UNDER THE LMRA**

The Labor Management Relations Act ("LMRA") provides exclusive federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." *See* 29 U.S.C. § 185(a). Although this language is limited to "[s]uits for violation of contracts," it has been broadly construed to extend to most state law actions where "resolution of the claims is inextricably intertwined with terms in a labor contract." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000).

The LMRA preempts application of a state law remedy if the factual inquiry under state law turns on a meaning of any provision of a collective bargaining agreement (CBA) or if a state law claim "necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 695 (9th Cir. 2001). However, a state law cause of action is not preempted merely because the court may have to consult the CBA to evaluate the claim, or to determine that none of the CBA provisions are reasonably in dispute. *Id.* at 692. "Where a party defends a state cause of action on the ground that the plaintiff's union has bargained away the state law right at issue, the CBA must include 'clear and unmistakable' language waiving the covered employees' state right 'for a court even to consider whether it could be given effect.'" *Id.* (*citing Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)).

Defendants contend that Plaintiff's invasion of privacy claim is preempted because the Court cannot resolve the claim without interpreting the CBA. According to Defendants, the purpose of Defendants' inquiry was to substantiate the basis for Plaintiff's requested leave of absence, and to ensure that Plaintiff would not be subjected to discipline for taking time off work. Dkt. 118 at 5. Under the CBA, Plaintiff was subject to discipline if she failed to report to work without a "bona fide reason." Dkts. 118 at 5,

119 at 8. In addition, Plaintiff would not lose seniority for missing work if she obtained a leave of absence. Dkts. 118 at 5, 119 at 9. However, Olympic could require "medical evidence of illness" prior to approving a leave of absence. *Id.* Defendants contend that the Court would have to interpret the CBA in order to determine whether the inquiry was "designed to determine whether there was a 'bona fide' reason for [Plaintiff]'s absence and/or 'medical evidence' for [Plaintiff]'s requested leave of absence." Dkt. 118 at 5.

In her response, Plaintiff contends that the state invasion of privacy claim is not preempted by the LMRA because adjudicating the claim does not involve analysis of the CBA. Dkt. 129 at 3, 5. Instead, Plaintiff argues that the issue raised is whether "interrogating" Plaintiff about the details of her sexual assault constitutes an invasion of privacy. *Id.* at 5. Evaluating this claim, Plaintiff argues, does not require interpretation of the CBA provisions regarding employee sanctions. *Id.*

### D. DISCUSSION

At the outset, it is unclear whether Plaintiff maintains an invasion of privacy claim based solely on Defendants' inquiry. *See* Dkt. 17, 17-18. Plaintiff's amended complaint could be interpreted as alleging one invasion of privacy cause of action arising from the inquiry into the details of the Plaintiff's assault and Defendants' subsequent disclosure of this information to third parties. Plaintiff's response does not clarify her amended complaint. In her response, Plaintiff recites the elements for an intrusion upon seclusion, public disclosure of private facts, and publication in a false light, but does not indicate which tort applies to any specific alleged set of facts in this case. In any event, to the extent Plaintiff brought an invasion of privacy claim based solely on the inquiry, the Court finds that the LMRA preempts such a claim. This order pertains only to the invasion of privacy claim as to the inquiry, and not to any claim relating to the alleged disclosure of information to third parties.

Plaintiff's invasion of privacy claim as to the inquiry is preempted because the Court would be required to interpret the terms of Plaintiff's CBA in order to determine

whether an invasion of privacy occurred. The CBA indicated that Olympic could grant an employee a leave of absence, and prohibited an employee from failing to report to work without a "bonafide reason." The Court would need to interpret the CBA to determine whether the CBA permitted Olympic to conduct the alleged inquiry before determining Plaintiff's eligibility for a leave of absence.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants Olympic Panel Products', Midles' and Matson's Motion for Partial Summary Judgment Re: Invasion of Privacy (Dkt. 118) is **GRANTED**, and Plaintiff's invasion of privacy claim as to Defendants Olympic's, Midles', and Matson's inquiry into Plaintiff's assault is **DISMISSED**.

DATED this 9th day of September, 2008.

BENJAMIN H. SETTLE
United States District Judge