HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARAH GRINENKO,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>OLYMPIC PANEL PRODUCTS, et al.,<br><br>　　　　　　　Defendants. | NO. C07-5402 BHS<br><br>DEFENDANTS OLYMPIC PANEL PRODUCTS', MIDLES' AND MATSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: OUTRAGE / INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>MOTION NOTED: DECEMBER 12, 2008 |

## I.   INTRODUCTION

Olympic Panel Products ("OPP") has a motion for partial summary judgment noted for November 21, 2008. In that motion, OPP addresses plaintiff's claim for outrage/intentional infliction of emotional distress. As shown in that motion, plaintiff's claims against defendants Midles, Matson and OPP fail as a matter of state law. However, in her responsive brief to that motion, plaintiff alleges that one of the basis for her outrage/intentional infliction of emotional distress claim is based on the conversation she had with Midles and Matson after her assault. It was that conversation where her request for a leave of absence was discussed. This Court has already ruled that Plaintiff's state law

DEFS OPP, MIDLES, MATSON MOTION PART SJ RE OUTRAGE/EMOT. DISTRESS - Page 1 of 7 (C07-05402-BHS)

[1430176 v1.doc]:2

LAW OFFICES
GORDON, THOMAS, HONEYWELL
MALANCA, PETERSON & DAHEIM
LLP
1201 Pacific Avenue, Suite 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157

claim of "invasion of privacy" is preempted by federal law to the extent that those claims are based on Midles' and Matson's inquiries into the assault in the context of her requested leave of absence. The Court held it would be required to interpret the CBA in order to determine the propriety of these inquiries and thus that state law claim was preempted by the Labor Management Relations Act. Dkt. No. 147 at 6-7. Because the same federal law controls and because Plaintiff relies on exactly the same factual allegations to support her outrage claims, these claims are also preempted by federal law. This motion is filed separately from OPP's pending motion which is based solely on state law. If that motion is granted, this motion would become moot.

## II.   FACTS

The following facts are material and undisputed, and were relied upon by the Court in granting partial summary judgment dismissing Plaintiff's invasion of privacy claims as they related to OPP's inquiries:[1]

- On March 7, 2007, Plaintiff requested time away from work due to an assault she had suffered.

- OPP has a no fault attendance policy in which attendance is measured without reason for the absence. Under that policy and the Collective Bargaining Agreement Plaintiff was subject to disciplinary action if she was absent from work without a "bona fide" reason.

- Plaintiff was not eligible for FMLA leave. Plaintiff had no accumulated leave balance to support her request to be absent from work.

---

[1] See Dkt. No. 147 for the Court's decision. OPP relies on the evidence as placed in the record in the Declaration of Dwight Midles, Dkt. No. 119.

DEFS OPP, MIDLES, MATSON MOTION PART SJ RE OUTRAGE/EMOT. DISTRESS - Page 2 of 7 (C07-05402-BHS)

[1430176 v1.doc]:2

LAW OFFICES
GORDON, THOMAS, HONEYWELL
MALANCA, PETERSON & DAHEIM
LLP
1201 Pacific Avenue, Suite 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157

- Under the CBA, Plaintiff's leave could be excused as bona fide if Plaintiff was placed on a leave of absence. The CBA does not require OPP to grant a leave of absence. The CBA provides that OPP may require medical evidence to support a request for leave.

- OPP inquired about Plaintiff's reasons for the requested leave of absence. This inquiry was necessary for OPP to evaluate Plaintiff's request for a leave of absence under the CBA.

- In response to these requests, Plaintiff provided OPP the name of the police officer to request a sanitized copy of the police report. OPP obtained that document.

- Based on the information obtained, OPP granted Plaintiff's request for a leave of absence.

Based on these undisputed facts, which are also the law of this case, Plaintiff's outrage claims are preempted by federal law to the extent that they are based on OPP's inquiries into her assault in connection with her request for a leave of absence.

### III.   SUMMARY JUDGMENT STANDARDS

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant

DEFS OPP, MIDLES, MATSON MOTION PART
SJ RE OUTRAGE/EMOT. DISTRESS - Page 3 of 7
(C07-05402-BHS)

LAW OFFICES
GORDON, THOMAS, HONEYWELL
MALANCA, PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157

probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### IV. ARGUMENT

Plaintiff's state law claim of outrage is preempted by federal law. The Labor Management Relations Act ("LMRA") provides exclusive jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). As this Court has held in a related matter, "The LMRA preempts the application of a state law remedy if the factual inquiry under state law turns on the meaning of any provision of a collective bargaining agreement or if a state claim 'necessarily requires the Court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute.'" Order Granting in Part and Denying in Part Motion for Summary Judgment of Woodworkers Local Lodge W-38 in *Spurgeon, et al. v. Olympic Panel Products LLC, et al.* at pp. 5-6, quoting *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001). In this case, plaintiff's claim related to her request for a leave turns on the meaning of the CBA and is therefore preempted.

*Miller v. AT & T Network Systems* is analogous. 850 F.2d 543 (9th Cir. 1988). In *Miller*, an employee sought damages for intentional infliction of emotional distress[2]

---

[2] Washington law treats "outrage" and "intentional infliction of emotional distress" as the same cause of action. *See, e.g., Seaman v. Karr*, 114 Wn. App. 665, 684, 59 P.3d 701 (2002).

DEFS OPP, MIDLES, MATSON MOTION PART
SJ RE OUTRAGE/EMOT. DISTRESS - Page 4 of 7
(C07-05402-BHS)
[1430176 v1.doc]:2

LAW OFFICES
GORDON, THOMAS, HONEYWELL
MALANCA, PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157

allegedly resulting from the employee's termination. The Court found this would require consideration of the reasonableness of the employer's behavior, which in turn could depend on whether that behavior violated the governing collective bargaining agreement. *Id.* at 550-51. The Court noted that the elements of this tort were established under Oregon law;[3] that the allegedly tortious acts must be evaluated in part on the basis of the relationship between the parties; that the blameworthiness of an employer's conduct had to be assessed in view of the provisions of the CBA; and that CBA provisions could trump norms established elsewhere in state law. *Id.* at 551. Accordingly the Ninth Circuit concluded that the state law claims were preempted by the LMRA.

If OPP's inquiries were authorized by and reasonable under the CBA, plaintiff's outrage claims fail.[4] *See, Mayer v. Hvesner*, 126 Wn. App. 118, 121-22, *rev. denied* 155 Wn.2d 1019 (2005) (disclosure of medical information to analyze return to work options under a CBA did not constitute the tort for invasion of privacy; *Goehl v. Fred Hutchinson Cancer Research Center*, 100 Wn. App. 609, 623 *rev denied* 142 Wn.2d 1010 (2000) (disclosure of diary information in legal proceeding did not constitute tort for invasion of privacy). But whether OPP's actions were reasonable and authorized requires an analysis of the CBA. Thus, resolution of plaintiff's invasion of privacy claim with respect to these inquiries necessarily depends on an analysis of the CBA.

This principle is as it must be. An employer with a collective bargaining agreement has an obligation under federal law to follow that agreement. Following the agreement may mean following past practice under that agreement and, for example, applying the same guidelines with respect to a requested leave of absence. To do so, an employer must

---

[3] Oregon law concerning this tort is similar to the law of Washington. *Cf. Seaman*, supra, and *Miller*.
[4] These claims independently fail under state law, as OPP has demonstrated in a separate motion.

DEFS OPP, MIDLES, MATSON MOTION PART
SJ RE OUTRAGE/EMOT. DISTRESS - Page 5 of 7
(C07-05402-BHS)
[1430176 v1.doc]:2

LAW OFFICES
GORDON, THOMAS, HONEYWELL
MALANCA, PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157

understand the reasons for an employee's requested leave of absence so that such reasons may be compared to the CBA language and the employer's past [and future] practice. An employer could not comply with its obligations under federal law without making an inquiry into the employee's request for a leave of absence. As a result, the propriety of OPP's request depends on an interpretation of the CBA.

Here, plaintiff claims that Midles and Matson committed the tort of outrage by requesting information to support her request for a leave of absence. However, as detailed in the Declaration of Dwight Midles, the purpose of the discussions he and Matson had with plaintiff were to substantiate the basis for her request. Dkt. No. 119. If Midles' questions were legitimate and proper under the CBA then plaintiff's outrage claim is preempted by federal law.

Under CBA Article 5:04(F), plaintiff was subject to discipline if she failed to report for duty without a bona fide reason. Article 11:10 provides that a "leave of absence ... shall not be cause for loss of seniority" but also states that "Olympic may require medical evidence of illness." Taking these two sections together, plaintiff's absence from work would be grounds for discipline unless she presented a bona fide reason for the absence. One bona fide reason would be a medical consideration, but OPP may require "medical evidence" to support a request for such leave. To the extent Midles asked plaintiff about the assault, his inquiry was designed to determine whether there was a bona fide reason to excuse plaintiff's absence and/or the "medical evidence" for plaintiff's requested leave of absence.

Plaintiff may argue that Midles' inquiry was not for these purposes but for some other, unspecified purpose. That argument, if made, simply demonstrates why the outrage claim is preempted. To determine whether Midles' inquiry was related to whether plaintiff's absence could be excused necessarily requires one to interpret Article 5:04(F) of the CBA.

DEFS OPP, MIDLES, MATSON MOTION PART SJ RE OUTRAGE/EMOT. DISTRESS - Page 6 of 7 (C07-05402-BHS)

[1430176 v1.doc]:2

LAW OFFICES
GORDON, THOMAS, HONEYWELL
MALANCA, PETERSON & DAHEIM
LLP
1201 Pacific Avenue, Suite 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157

Similarly, to decide whether Midles' inquiry was related to her request for a leave of absence necessarily requires one to interpret Article 11:10 of the CBA. But resolution of these issues (and therefore the resolution of the outrage claim) turns on the meaning of CBA Articles 5:04(F) and 11:10. This in turn necessarily requires the Court to interpret these two Articles. Because the resolution of the outrage claim requires an interpretation of the CBA, the state law outrage claims are preempted to the extent that they are based on OPP's inquiries about the circumstances of the assault.

## V. CONCLUSION

Based on the above, it is clear that plaintiff's request for an extended leave of absence implicates the collective bargaining agreement. Midles and Matson's inquiry relating to her assault and the reasonableness of that inquiry also implicate terms of the collective bargaining agreement. Therefore the state law claims for outrage are preempted by federal law. For the same reason that the Court partially dismissed Plaintiff's invasion of privacy claim, Defendants OPP, Midles, and Matson are entitled to have their motion for partial summary judgment on the outrage claims granted as a matter of law.

Respectfully submitted this 19th day of November, 2008.

> GORDON, THOMAS, HONEYWELL,
> MALANCA PETERSON & DAHEIM LLP
>
>
> By: /s/ Lewis L. Ellsworth 11/19/08
> Lewis L. Ellsworth, WSBA #11360
> Elizabeth P. Martin, WSBA #12940
> C. William West, WSBA #35542
> Attorneys for Defendants Olympic Panel
> Products, Midles and Matson

DEFS OPP, MIDLES, MATSON MOTION PART
SJ RE OUTRAGE/EMOT. DISTRESS - Page 7 of 7
(C07-05402-BHS)

[1430176 v1.doc]:2

LAW OFFICES
GORDON, THOMAS, HONEYWELL
MALANCA, PETERSON & DAHEIM LLP
1201 Pacific Avenue, Suite 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157