HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARAH OLSON, f/k/a Sarah Grinenko<br><br>Plaintiff,<br><br>vs.<br><br>OLYMPIC PANEL PRODUCTS, LLC a Washington State Limited Liability Company, et. al.<br><br>Defendants. | NO. 07-5402 BHS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SANCTIONS AGAINST ATTORNEY JOHN R. BONIN |

A.  <u>Sanctions for attorney misconduct that unreasonably and vexatiously multiples the proceedings in a case</u>.

28 U.S.C. § 1927 provides,

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."

Moore's Federal Practice, Vol. 10, Sec. 45, 102, says § 1927 sanctions are only imposed when there is a real disregard for the processes of justice and an attorney 'multiplies the proceedings in bad faith'." While some circuits require proof of objective bad faith, the Ninth Circuit only requires a showing that there was intent, recklessness or bad faith in the attorney's actions. <u>Barnd v. City of Tacoma</u>, 664 F.2d, 1339, 1343 (9th Cir., 1982).

Memorandum of Points & Authorities
No. 07-5402 BHS - 1

**Don S Willner & Associates, PC**
630 Sunnyside Rd.,  Trout Lake, WA 98650
(509)395-2000  /  (509)395-2939
E-mail: donswillner@aol.com

Recklessness is the easiest to prove.

Local Lodge filed its answer to the very first Complaint on August 24, 2007 containing the affirmative defense of the federal duty of fair representation. This entire case has been frivolous. With a small amount of legal research, Plaintiff's attorney could then have determined that a suit by a member against a labor union which involves interpretation of a collective bargaining agreement is preempted by the federal duty of fair representation.

Instead, Plaintiff's attorney embarked on a course of filing many motions, including unmeritorious threats for sanctions against Local Lodge, usually without supporting these motions with Affidavits or Declarations and, in most motions, without legal authority (Willner Declaration).

There are many cases within the Ninth Circuit in which courts have awarded § 1927 damages against attorneys for conduct similar to the conduct in this case. Examples include – "…recklessly and in bad faith multiplied the legal proceedings against Wulff by recklessly raising frivolous arguments." Vedatech, Inc. v. St. Paul Fire and Marine Ins. Co., 2005 U.S. Dist. Lexis 45095, page 13 (D.C. Northern District of California (2005) (award of $22,584.00).;"…recklessly proceeded with the litigation despite a complete lack of factual support." West Coast Theater Corporation v. City of Portland, 897 F.2d 1519 19th Cir., 1990), U.S. App. Lexis 4280 at p. 10 (Amount of award not in 9th Circuit opinion).

Local Lodge cannot proceed in the Ninth Circuit under FRCP 11 because the Grinenko complaint has been dismissed upon Local Lodge's motion. Barber v. Miller 1998 WL 309207 (9th Cir., 1998). But, the attached Rule 11 case from the Northern District of Ohio (Exhibit A) has persuasive value because it involves a frivolous complaint by a union member against his union and his employer in which Rule 11 sanctions were granted. Uszak v. Yellow Transportation Teamster, Local 407, and International Brotherhood of Teamsters Case No. 1:06cv837 (No. Ohio, Eastern Division (2006)). Facts in that case similar to our case include delay in discovery, no good faith discussions with opposing counsel, lack of

Memorandum of Points & Authorities
No. 07-5402 BHS - 2

**Don S Willner & Associates, PC**
630 Sunnyside Rd., Trout Lake, WA 98650
(509)395-2000  /  (509)395-2939
E-mail: donswillner@aol.com

appropriate consultation with opposing counsel about their schedule, and seeking delay by a frivolous motion to consolidate a court case with a jury case. The longest delay in our case was caused by Mr. Bonin providing the initial disclosure documents months later than the Court ordered date. Then, when the summary judgment motion was filed, Mr. Bonin sought a many month delay in responding (Dkt. 99) which the Court denied (Dkt. 107). During this period, Mr. Bonin failed to file any response to the Summary Judgment motion, which the Court ruled was an admission that the Summary Judgment motion had merit and granted the motion (Willner Declaration). A reading of the motion (which Local Lodge incorporates by reference) would support a finding of merit

Court Orders in this case, on Plaintiffs' motions include:

"Plaintiff's response would apparently incorporate five motions Plaintiff intended to file separately. Dkt. 46 at 1. <u>The pending motions to compel are three pages in length and are accompanied by a one-page declaration and a thirteen page exhibit. Plaintiff failed to persuade the Court that a lengthy response is justified.</u>" (Dkt. 45, p.2) (emphasis added)

"<u>The motion includes the caption of the Spurgeon case, although the two cases have not been consolidated and Plaintiff has not moved for such relief</u>." (Dkt. 64, p.2) (emphasis added)

"Over the course of just four pages of briefing, Plaintiff asks the Court to consolidate the Grinenko and Spurgeon matters, to grant Plaintiff leave to file a second amended complaint, to sever individual Defendants from this case, to remand claims against individual Defendants to state court, and to certify this case as a class action. Dkt. 65. <u>The motion fails to offer any legal authority to support these requests; is not supported by affidavits, declarations, or exhibits; and makes no citation to the factual record in this case. Frankly, the motion leaves one wondering whether the Plaintiff's counsel's requests are sincere or made in jest. The reply, on the other hand, is supported by approximately 150 pages of exhibits and declarations. Offering such a naked motion only to flood the electronic file with documentation in support of a reply brief is inappropriate and threatens due process.</u>" (emphasis added) (Dkt. 91).

Memorandum of Points & Authorities
No. 07-5402 BHS - 3

**Don S Willner & Associates, PC**
630 Sunnyside Rd., Trout Lake, WA 98650
(509)395-2000 / (509)395-2939
E-mail: donswillner@aol.com

> "As a threshold matter, the Court declines to consider document filed after the instant motion was noted for consideration. On June 24, 2008, after the instant motion was fully briefed and ripe for consideration, Plaintiff filed a 39-page document entitled "Plaintiff's Supplemental Declaration RE: Depositions and Motion to Continue Defendant Union's Motion for Summary Judgment." Dkt. 104. Plaintiff did not seek leave of Court to file the "supplement." <u>Moreover, the Court has previously cautioned Plaintiff's counsel that extensive filing of a reply brief is inappropriate and threatens due process…Plaintiff's counsel's supplemental declaration is perhaps more egregious as it was filed after Plaintiff's motion was noted for consideration.</u>" (emphasis added) (Dkt. 107). (emphasis added)

> "In this case, Plaintiff fails to identify any facts warranting reconsideration that 'could not have been brought to the Court's attention with reasonable diligence.' <u>Moreover, Plaintiff's counsel appears to concede that his showing in support of his request for a continuance was "weak" but contends that the Court misapprehended Local Lodge's position with respect to the requested continuance. The record does not support this contention</u>. *See* Dkt. 102 at 5. Plaintiff having failed to offer new facts or legal authority or to demonstrate that the Court's order contained manifest error, the motion for reconsideration is denied." (Dkt. 110) (emphasis added)

> "Local Lodge's motion for summary judgment is ripe for consideration. <u>The Court construes Plaintiff's failure to respond as an admission that the motion has merit.</u> See Local Rule CR 7(b)(2). Accordingly, Local Lodge's motion is granted." (Dkt. 110) (emphasis added)

> "Baseless filings put the machinery of justice in motion, burdening courts and individuals with baseless expense and delay." <u>Cooter and Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 398 (1990).

A reasonable award for Mr. Bonin unreasonably and vexatiously multiplying the proceedings in this case would be five thousand dollars ($5,000.00).

///

///

Memorandum of Points & Authorities
No. 07-5402 BHS -  4

**Don S Willner & Associates, PC**
630 Sunnyside Rd.,  Trout Lake, WA 98650
(509)395-2000  /  (509)395-2939
E-mail: donswillner@aol.com

1  B. <u>Sanctions for the misconduct of Mr. Bonin involving violation of a basic rule of law
2  practice that an attorney cannot participate in changing a client's sworn statements</u>.

3  The case of <u>Hambleton Bros. Lumber Co. v. Baklin Enterprises</u> 397 F.3d 1217 (9th
4  Cir., 2005) says:

> "Under our "sham" affidavit rule, 'a party cannot create an issue of fact by an affidavit contradicting his prior depositions testimony." *Kennedy v. Allied Mut. Ins. Co. 952 F. 2d 262, 266 (9th Circ. 1991)*. We think this type of 'sham' correction is akin to a 'sham' affidavit. While the language of FRCP 30(e) permits corrections 'in form of substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment. *Cf. Combs v. Rockwell Int'l Corp. 927 F.2d 486, 488-89 (9th Cir. 1991)* (dismissing with prejudice and granting Rule 11 sanctions against a party and its counsel because the attorney, in an effort to avoid summary testimony in violation of FRCP 30(e)) [citation omitted]…('The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. <u>A deposition is not a take home examination</u>.')" (emphasis added).

16  The Deposition Correction Sheet of Ms. Grinenko was executed in Mr. Bonin's office and
17  filed by Mr. Bonin with the Court Reporter and is attached as Exhibit B. The notary public is
18  the receptionist in Mr. Bonin's office (Willner Declaration). At the very least, it is the duty
19  of the attorney to advise his client that, to quote <u>Hambleton</u>, "Depositions are not an open
20  book examination." Mr. Bonin is charged with knowledge of the <u>Hambleton</u> rule, and his
21  client, Ms. Grinenko, who is not an attorney, is not. Mr. Bonin has the duty of advising his
22  client to follow the law. Here are changes made by Ms. Grinenko and Mr. Bonin, and a
23  comparison of the original sworn testimony and the "corrections":

24  In her deposition, six (6) times she used the response "probably" which conceded the
25  correct dates when she received documents from Local Lodge. In the correction sheet she
26  tries to change "probably" to guesses and assumptions".

Memorandum of Points & Authorities
No. 07-5402 BHS - 5

**Don S Willner & Associates, PC**
630 Sunnyside Rd., Trout Lake, WA 98650
(509)395-2000 / (509)395-2939
E-mail: donswillner@aol.com

| "page/line | correction | reason |
|---|---|---|
| All questions pertaining to date of receipt of letters | in the absence of records establishing the date of receipt all my "probably" answers are guesses and assumptions that the documents are dated properly." | I am guessing |

Exhibit C contains excerpts from Ms. Grinenko's deposition.

In the Ninth Circuit case, *Combs v. Rockwell, International Corp.,* cited in *Hambleton*, a case of a member against his union, the case was dismissed, and citing inherent power of the court, the conduct resulted in money sanctions of $11,250 against the attorney. Mr. Bonin's misconduct in connection with violations of the Hambleton rule calls for sanctions in the amount of five thousand dollars ($5,000.00).

C.  <u>Sanctions for Mr. Bonin's pattern of using threats and personal attacks against the veracity of Local Lodge's attorney (and the attorneys for other defendants in this case).</u>

Here are some examples:

(1) "The actions of Defendant in this filing are <u>offensive and improperly motivated</u>"…"In addition, all the letters that I can use to support my position are <u>littered with false representations</u> within them accompanying the issues of concern to the point that I could be drafting several dozen pages trying to get past the meaningless in order to address the meaningful." (Dkt. 99) (emphasis added).

(2) "<u>This is not good faith conduct</u>." (Dkt. 49, p. 5) (emphasis added)

(3) "Defendant's frantic attempts to engage in this process." (Dkt. 67, p.2)

(4) "Counsel wants to force me to either accept <u>false light presentations</u> and sloppy, hastily typed up and incomplete protective order material or to take them to respond to his material that I have intended to use in other ways for the betterment of this case (Dkt. 61, p. 2) (emphasis added)

(5) "littered with false representations," (Dkt. 99)

(6) Before Local Lodge had concluded its investigation, threatening Local Lodge with an NLRB charge (never filed), a Washington Human Rights Commission complaint (filed and later withdrawn), and a civil suit (never filed) (Willner Declaration).

///

Memorandum of Points & Authorities
No. 07-5402 BHS - 6

**Don S Willner & Associates, PC**
630 Sunnyside Rd., Trout Lake, WA 98650
(509)395-2000 / (509)395-2939
E-mail: donswillner@aol.com

(7) Making at least six (6) requests to Local Lodge for settlement discussions, after Local Lodge had responded that the case had no merit and settlement was not appropriate (Willner Declaration). This was interspersed with long, unmeritorious motions which required substantial effort and client cost to defend.

(8) Then in connection with his attempt to delay the summary judgment motion, Mr. Bonin wrote a letter demanding that Local Lodge's attorney "confess" to this Court that he had broken an alleged agreement delaying the summary judgment motion, until all depositions have been taken (which could have taken to winter], and threatening a motion for sanctions. (Dkt. 102-2, Ex. G). Local Lodge filed a sworn Declaration of denial in response (Dkt. 102-2, Ex. K), and no motion for "confession" or sanctions was ever filed. (Willner Declaration).

Attorneys diminish the profession when they proceed by personal attacks on veracity and threats.

Although Local Lodge believes that changing sworn testimony and a pattern of personal attacks and threats can be covered by 28 U.S.C. § 1927, they are certainly covered by the inherent power of the court.

"However, in an appropriate case, sanctions under Section 1927 may be combined with sanctions under both the Court's inherent sanctioning power and specific rule's." (Moore's Federal Practice 3D, vol. 10, 26-44).

> "If there is bad faith conduct during the course of litigation that can adequately be sanctioned under the Rules, the court should rely on the Rules rather than its inherent power. However, if the rules are not adequate to the task the Court may rely upon its inherent power to provide sanctions. To act under its inherent powers, the Court must make a finding of willful conduct."

"The Second Circuit has determined that a finding of bad faith is not required when the Court exercises its inherent power to police the conduct of attorneys as officers of the court rather than to sanction attorneys for acts undertaken as part of their role in representing the client." Moore's Federal Practice 3D, sec. 11.41 (4).

During the course of this case, Plaintiff made at least six (6) requests to Local Lodge for settlement discussions. Plaintiffs' attorney may have hoped that defending against

Memorandum of Points & Authorities
No. 07-5402 BHS - 7

**Don S Willner & Associates, PC**
630 Sunnyside Rd., Trout Lake, WA 98650
(509)395-2000 / (509)395-2939
E-mail: donswillner@aol.com

1  endless motions might persuade Local Lodge to consider the continuing cost of defense and
2  settle a frivolous case. But, at all times Local Lodge responded that the case had no merit
3  and settlement was not appropriate. So far the fees (approximately $45,395.00) and costs
4  (approximately $2,989.00) of Local Lodge's defense of this case total approximately forty-
5  eight thousand three hundred eighty-four dollars ($48,384.00). (Willner and Cox
6  Declarations). A reasonable sanction for Mr. Bonin's pattern of proceeding by a pattern of
7  attacks on veracity and threats would be an additional five thousand dollars ($5,000.00).

8  On January 13, 2009, this Court denied the motion for sanctions against Mr. Bonin in
9  the Spurgeon case (Dkt. 181). In that case this Court said,

> "…the Court agrees that Mr. Bonin's conduct in this case was far from exemplary" and that "…while the Court agrees that Mr. Bonin's conduct has been arguably unprofessional at times…"

13  It, therefore, becomes important to distinguish the Court's Spurgeon Order.

14  In every respect, the misconduct of Mr. Bonin has been far more egregious in this
15  case. The Spurgeon case has been remanded to the Superior Court of Mason County and
16  Local Lodge's counsel does not know if a copy has been retained by this Court. Local Lodge
17  is prepared to attach a copy of the Spurgeon sanctions material if it would be helpful to the
18  Court.

19  In this case, unlike Spurgeon, this Court in rulings found Mr. Bonin's misconduct
20  "egregious" and possibly "not sincere or made in jest".

21  In Spurgeon, the key "correction" says that the plaintiff later changed her mind about
22  the union's good efforts, but does not deny the earlier statements. In Grinenko, on the other
23  hand, the six (6) major corrections attempted to withdraw admissions which were key to
24  Local Lodge's case.

25  In Spurgeon, this court did not find that sanctions were appropriate for the un-
26  contradicted testimony that Mr. Bonin expelled Local Lodge's attorney from his office in the

Memorandum of Points & Authorities
No. 07-5402 BHS - 8

**Don S Willner & Associates, PC**
630 Sunnyside Rd., Trout Lake, WA 98650
(509)395-2000 / (509)395-2939
E-mail: donswillner@aol.com

presence of clients immediately after a peaceful deposition. Although Local Lodge respectfully believes that this evidence of unprofessional conduct in Spurgeon is sanctionable, Mr. Bonin's conduct is far more egregious in <u>Grinenko</u>. Here, Mr. Bonin, throughout the litigation, continued to make threats and personal attacks against the veracity of Local Lodge's attorney.

Courts are reluctant to order sanctions against attorneys. Indeed, in over fifty-seven (57) years of law practice, this is the first time that Local Lodge's attorney has filed and proceeded with a motion to obtain a personal money judgment for misconduct against a fellow attorney. If ever a case was appropriate for attorney sanctions, this is such a case. Here, the honor of the profession is at stake in the kind of attorney misconduct set forth in this motion for sanctions against Mr. Bonin.

Dated this 28th day of April, 2009.

Respectfully submitted by:

LAW OFFICES OF DON S. WILLNER & ASSOC. P.C.

By: __/s/ Don S. Willner  04/28/09__
Don S. Willner, WSBA #25652
Attorneys for Defendant International Association
Of Machinists, Woodworkers Local Lodge W-38

Memorandum of Points & Authorities
No. 07-5402 BHS - 9

**Don S Willner & Associates, PC**
630 Sunnyside Rd., Trout Lake, WA 98650
(509)395-2000 / (509)395-2939
E-mail: donswillner@aol.com