1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
8                                AT TACOMA

9    SARAH GRINENKO, et al.,

10                      Plaintiffs,                    CASE NO. C07-5402BHS

11          v.

12   OLYMPIC PANEL PRODUCTS, et al.,                   ORDER DENYING MOTION
                                                       FOR SANCTIONS
13                      Defendants.

14

15          This matter comes before the Court on Defendant Woodworkers Local Lodge's

16   motion for sanctions. Dkt. 226.

17          Local Lodge moves for sanctions under 28 U.S.C. § 1927 against Plaintiffs'

18   attorney, John Bonin. Local Lodge maintains that sanctions are warranted based on

19   allegations that Mr. Bonin frivolously filed an action, filed an unnecessary amount of

20   motions, threatened sanctions against Local Lodge, delayed the case by providing initial

21   disclosures after the court ordered date, and participated in changing his client's sworn

22   statements.

23          Under 28 U.S.C. § 1927, the Court may require an attorney who "multiplies the

24   proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess

25   costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

26          As in the *Spurgeon v. Olympic Panel Products* case, Case No. 07-5436BHS, which

27   involved the same attorneys as this case, the Court agrees that Mr. Bonin's conduct in this

28

ORDER - 1

1   case was far from exemplary. However, the Court does not find that sanctions under

2   § 1927 are warranted. With regard to allegations of changing clients' sworn statements,

3   Local Lodge has not directed the Court to any evidence of Mr. Bonin's involvement in

4   doing so, other than claiming that the deposition correction sheet was executed in Mr.

5   Bonin's office, and that the notary public was a receptionist for Mr. Bonin. Some of the

6   cited statements may differ from the clients' prior deposition testimony, but do not "flatly

7   contradict" those prior statements. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266

8   (9th Cir. 1991) (a district court may not disregard a declaration unless it has first made a

9   factual determination that the affidavit is a "sham" affidavit that "flatly contradicts"

10  earlier testimony).

11          Even if some of the statements are contradictory, this alone is not sufficient to

12  warrant sanctions. There must be a finding that counsel engaged in a practice that

13  multiplied the proceedings "unreasonably and vexatiously." The Court is unable to make

14  such a finding here.

15          The Court also declines to impose sanctions based on Mr. Bonin's statements

16  about Local Lodge's counsel contained in filings before the Court, or statements Mr.

17  Bonin may have made to counsel for Local Lodge outside of Court. Again, while Mr.

18  Bonin's conduct has arguably been unprofessional at times, the

19  Court concludes that sanctions are not warranted.

20          Therefore, it is hereby **ORDERED** that Local Lodge's motion for sanctions (Dkt.

21  226) is **DENIED**.

22          DATED this 19th  day of May, 2009.

23

24

25                                                  BENJAMIN H. SETTLE
                                                    United States District Judge
26

27

28

ORDER - 2